No. 12,827.

THE SHREVEPORT & RED RIVER VALLEY RAILWAY COMPANY VS. MRS. MARY B. HINDS AND HUSBAND.

Our expropriation laws authorize the taking of the fee, if necessary, for public purposes; but if the public needs do not require it and a less estate will meet. the public wants, the fee can not be taken. 32 An. 471, 49 An. 1278.

In expropriation proceedings for a right of way for a railroad company the court should not limit the right of way to the corporate life of the plaintiff. The right once granted becomes part of the property of the company and necessary to the continued exercise of the franchise. The property of the corporation may be seized, sold or disposed of in various ways, and is not lost by the death of the corporation. *Non constat* that the road would belong to the plaintiff at the termination of its charter.

In expropriation proceedings the question of the value of the land, or of the use of the land, to be taken, is distinct and separate from the question of damages. In questioning witnesses with the view of ascertaining the value of the land, the questions asked should be so framed as not to blend damages and inconveniences with value in attempting to fix value.

The value of the land itself is the amount for which it would sell at private sale as part and parcel of defendant's plantation without reference to its being taken for a railroad or for railroad purposes.

ON APPEAL from the Second Judicial District Court for the Parish of Bossier. *Watkins, J.*

*Leonard & Randolph* for Plaintiff, Appellant.

*N. Lawrence Lindsley* (*Girault Farrar* of Counsel) for Defendants, Appellees.

Argued and submitted June 2, 1898.
Opinion handed down June 21, 1898.
Decree of this court amended and rehearing refused June 20, 1898.

The opinion of the court was delivered by

NICHOLLS, C. J. The plaintiff seeks to have certain land belonging to the defendant, Mrs. Hinds, expropriated.

In its petition it alleged that it was a railroad corporation building a railroad from Shreveport to Coushatta; that its line was located, and that the work of building was going actively on all along the line. That its line, as located and in process of construc-

tion, runs in a southeasterly direction through Mrs. Hinds' land, as would appear by the plan and map annexed to its petition. That said route and right of way, as shown by said map, takes a strip one hundred feet in width and amounts to twenty-four and forty-six hundredths acres of land. That said land was necessary to it and it had been unable to agree with the owner as to the price, etc., and that it had legally tendered five hundred dollars to the defendant, which was refused.

The prayer was that on final hearing there be judgment adjudging the land aforesaid to plaintiff upon payment to the owner of all legal damages she may sustain in consquence of the expropriation.

The defendants answered, pleading first the general issue. Further answering, defendants averred that if plaintiff had the legal right to expropriate the land through the plantation as claimed, then the land so taken and expropriated was worth the sum of one hundred dollars per acre, or the sum of twenty-four hundred and forty dollars for twenty-four 46-100 acres sought to be expropriated.

That in addition to the actual land taken as above set forth, the location and construction of said railroad through her plantation would cause great damage to her property by dividing the plantation into two parts, severing one from the other by the track and embankment of the road, thus rendering the plantation inconvenient and difficult to cultivate by rendering the different portions of the same inaccessible and inconvenient to cross from one side of said railway track to the other in the usual and necessary cultivation and conduct of said plantation, by rendering it necessary to build additional fences and to keep the same in repair; by cutting off small portions of land and rendering the same difficult and unprofitable to cultivate; by interfering with and obstructing the natural and artificial drainage of said plantation; by making a public thoroughfare through said place for the section hands and other employees of said company, and tramps and thieves, who were calculated to disturb and disorganize the labor on said plantation, and cause great loss of time of laborers in stopping to gaze at the passing trains and others passing to and fro on said road; by loss from running away of teams by becoming frightened by passing trains; by clearing away the debris thrown out by said company from the right of way, and by depreciating the value of her property in various ways not specially set forth, but all of which would greatly damage the property.

Railroad Company vs. Mrs. Hinds and Husband.

That in addition to the value of the land expropriated defendant would be damaged, as above set forth, five thousand five hundred dollars, to-wit:

For inconvenience and inaccessibility in cultivation and coming back and forth.................................................................................................................$3,500 00
For four miles of fencing and keeping same in repair.................................... 750 00
Eor loss of time by laborers, frightening stock, etc .................................... 1,000 00
For cleaning away the debris from right of way.............. .................. 100 00
For damage to drainage, etc., and loss of small strips of land....................... 1,150 00

Making a total of six thousand five hundred dollars.............................. $6,500 00

Defendants prayed in the event of the courts rendering judgment in favor of the plaintiff for the expropriation of the land as prayed for, then at the same time there be judgment in favor of defendant *for* the sum of twenty-four hundred and forty dollars for the actual value of the land, and the further sum of six thousand five hundred dollars as damages as set forth, and for general relief.

The jury returned as their verdict that "they found in favor of the plaintiff for the RIGHT OF WAY and in favor of the defendant for the sum of two thousand dollars as value of the property taken, and fifteen hundred dollars as damages in addition to the above amount, making a total in favor of the defendant of thirty-five hundred dollars."

Plaintiff moved for a new trial, but the court overruled the same, and rendered judgment in favor of the plaintiff, against the defendant "expropriating the land described in the petition and map attached to the same." It is further ordered, adjudged and decreed that defendant have and recover of plaintiff the sum of two thousand dollars—value of land, and fifteen hundred dollars damages, with legal interest from date of judgment, and decreed that upon payment of said amount to the defendant according to law, the right, title and interest of the defendant in said described land and right of way should vest in the plaintiff."

Plaintiff appealed. Defendant answered the appeal praying that the judgment be amended, and amended in favor of appellee, by limiting the title of appellant *to a right of way* for the period *of its corporate life*, and by increasing the amount allowed as damages to five thousand dollars.

OPINION.

The plaintiff in this suit prayed *for a right of way* over the plantation of the defendant. The latter in her answer asked judgment against plaintiff, for an amount fixed by her as being the value of

the land, and for an additional amount as for damages. The jury rendered a verdict "in favor of the plaintiff for the right of way as claimed and in favor of the defendant for the sum of two thousand dollars, as the value of the property taken, and fifteen hundred dollars as damages in addition to the above amount, making a total in favor of the defendant of thirty-five hundred dollars."

The District Court adjudged that plaintiff have judgment expropriating the land described in the petition and map attached to same (describing it), and that defendant have judgment against plaintiff for the sum of two thousand four hundred dollars, value of land, and fifteen hundred dollars damages with interest. Plaintiff appealed, and defendant on appeal moved that the judgment be amended by limiting plaintiff's title to a right of way, and restricting it as to time to the period of the corporate life of the plaintiff, and increasing the amount of damages to five thousand dollars.

We do not understand plaintiff to seek for more than a "*right of way*," nor the verdict of the jury nor the judgment of the court as *intending to convey any greater right than a right of way*, and it is evident that it is not entitled to a judgment, decreeing to it *the ownership of the property itself.* Railway Co. vs. Gay, 32 An. 471; (Telegraph Co. vs. Railroad Co.), 49 An. 1278. We will, however, place that matter beyond controversy by our decree—we can not, however, limit the right of way to the period of the corporate life of the plaintiff. The right once granted to the corporation, it becomes part of its property, and necessary to the continued exercise of its franchise.

The property of the plaintiff may be seized, sold or disposed of in various ways, and it is not lost by the death of the company. *Non constat* the road will belong to the present company at the expiration of its charter. *Art. 2632* of the Civil Code orders in the matter of expropriation proceedings, that upon the filing of plaintiff's petition asking for expropriation of property, that a jury shall be drawn, and that said jury shall, by a verdict in which at least three-fourths of their number shall concur, determine after hearing what is the value of the land described in the petition, with its improvements, and what damages, if any, the owner would sustain in addition to the loss of the land by its expropriation; while the next article (Art. 2633) directs that "in estimating the value of the property to be expropriated, the basis of assessment shall be the true value which the

land possessed before the contemplated improvement was proposed, and without deducting therefrom any amount for the benefit derived by the owner from the contemplated improvement or work.''

It will be seen that the question of the value of the land to be taken is distinct and separate from the question of damages, though both are ordered to be made the subject of examination and decision by the jury.    N. O. Pacific Railroad Co. vs. Murrell, 34 An. 537.

· The law is perfectly plain when it says that the mere value itself of the land to be taken is to be fixed independently of the the particular improvement contemplated, and without reference to it one way or the other.    Under that provision of the law, we do not understand it to be proper for counsel of the land owner, in examining witnesses on that particular branch of the case, to call their attention to the particular direction which the right of way, when granted, is to run upon the plantation—to direct their notice to the fact that it would cut the property in two, that it would interfere with the drainage and cultivation of the crops, that it would cause great inconvenience in various ways to the owners; and, having done so, then to ask them what, in their opinion, a small strip of land of one hundred feet or so, running through a plantation, would be worth.

Questions of that character would be perfectly legitimate asked in connection with the establishment of the damages to which the owner would, by reason of a strip of land so running, be entitled, but they confuse the witnesses and render the estimates so made by them as to the value of the land itself of little force, by their blending damages and inconveniences with value, in attempting to fix value.    The examination of defendant's witnesses was almost entirely conducted upon this improper line.    We are satisfied from an examination of the testimony of the witnesses in the case, that the value of the land itself was at most forty dollars per acre, for cleared land, and twenty dollars per acre (round) for timbered land and land with deadened timber upon it.    That is, that that is the amount for which it would be sold at private sale as forming part and parcel of defendant's plantation without reference to its being taken for a railroad, or for railroad purposes.    We fix the value of the land at seven hundred and fifty dollars.

We find the testimony on the subject of the damages claimed exceedingly general, and the damages claimed are, in some respects,

50

remote and conjectural. We think that one thousand dollars will fully cover all damages likely to result from granting plaintiff the right of way asked.

For the reasons herein assigned, it is ordered, adjudged and decreed that the judgment appealed from be amended by ordering and decreeing to the plaintiff a right of way as prayed for by it and adjudged by the District Court, to vest in the plaintiff upon payment to the defendant of the sum of seventeen hundred and fifty dollars, and as so amended the said judgment be and the same is hereby affirmed. Costs of appeal to be paid by the appellee.

## On Application for Rehearing.

BLANCHARD, J. The law directs that when private property is sought to be expropriated for public purposes, a jury of freeholders must be called to sit in judgment upon the value of the property to be taken and the *quantum* of damages the owner may suffer in consequence of such taking. Undoubtedly the award of such a jury is entitled to the highest consideration, but it is not intended by the law to be conclusive as to the amount of value of property and damages to be paid defendant in expropriation.

This is shown by the fact that an appeal from such award and from the judgment based thereon is given by the law. What would be the object, or the value, of such appeal if the power of revision of the award is not in the appellate court? It is beyond controversy that this court on appeal may and should diminish such award, if, in its judgment on the facts and the law, it be too large, or increase it if, in its judgment, it be too small.

There is no foundation either in the law or practice of the courts of this State for the contention of counsel for appellee that if the award be found excessive the case should be remanded for a second trial by jury under proper instructions. If the evidence in the record justifies it the court should proceed to render such decree as is warranted and proper under the circumstances.

With regard to the contention that J. W. Atkins holds a lease for several years on the plantation through which the right of way is expropriated, and that by the expropriation he loses the use of twenty-four and forty-six one hundredths acres, worth, it is claimed, five dollars per acre per annum, or one hundred and twenty-two dollars and thirty cents per annum, which he may claim as *rebate*

against defendant, thus largely diminishing the amount awarded the latter, it suffices to say, first, that defendants' answer filed herein does not mention the Atkins lease at all as an element of damage arising in the case, and, second, that Atkins is no party to the suit and his rights are in no manner concluded by the judgment rendered herein. This court said *In re* Morgan R. R. and S. S. Co., 32 La. An. 375, speaking of the rights of a lessee in a case when the property under lease was expropriated: "The right of a lessee is substantive and is independent of changes in the ownership of the thing. C. C. 2733. The purchase, or expropriation, of the rights of the owner does not therefore necessarily embrace or operate upon the right of the lessee. That right in order to be affected must be itself the object of purchase or expropriation. If the rights of the owner are alone the objects of the purchase or expropriation, the right of lease is unaffected and continues. The purchaser gets only the thing encumbered by the lease. That is all he can get, for that is all the owner has."

It was held, in that case, that if the right of a lessee is worth no more than he has agreed to pay *in futuro* for it, the expropriation of that right would pay him nothing, as it is worth nothing. But if the right of lease will bring a greater sum than it is to cost the lessee, the latter is entitled to be paid the amount of such excess, which amount can not be charged upon the sum fixed for the *rights* of the owner, unless the owner has received the rent in advance, or unless the value of his right has been fixed by reference to the present actual value of the lease.

It is clear, therefore, that since, in fixing the amount we think the defendant should recover for value of land and damages, no reference is had to the Atkins lease, the value of the latter, if any, over and above the rental he is obligated to pay, is not a charge upon the sum awarded the defendant, but is a matter to be settled between the railway company and the lessee by amicable adjustment, or by proper proceedings at law.

With regard to the contention that the judgment appealed from awards the *fee* of the land when there is no necessity for expropriating more than a servitude over it, and that while in the body of the opinion of this court heretofore rendered language is used which declares plaintiff company is not entitled to a judgment investing it with the ownership of the strip of land taken for right of way pur-

poses, the *decree* of the court itself does not make this plain, it suffices to say that our construction of the judgment appealed from is that the fee of the land is not conveyed or intended to be conveyed by it. However, we will make this beyond dispute by amending the decree of this court in that particular.

It is proper to add, however, that this issue is by no means squarely made in the answer of defendant. It should have been. Railway Co. vs. Gay, 32 An. 474.

Plaintiff company is entitled, we think, under the facts of this case, to a servitude, or right of way only, through the plantation of defendant. A right of way, in legal parlance, is held to be an easement on the lands of others. Telegraph Co. vs. Railroad Co., 49 An. 1278. Plaintiff, therefore, pays not the value of the fee of the land, but only the value of the use and occupation of the land. *Ib.* 1279.

If the fee were being taken, since it is the more valuable right of the two, the award would perhaps be higher.

This right of way, servitude or easement over the lands of defendant's plantation is to endure so long as utilized for railway purposes, so long as a railway track is laid there and operated by plaintiff company, or its successors or assigns. When the strip of ground which is the subject of this expropriation ceases to be used for this purpose, it will revert to the owner of the plantation.

With regard to the contention that the amount allowed defendant by our decree for the value of the use and occupation of the land taken and damages to the plantation is too small, it suffices to say that, as we appreciate the evidence, it is all that can be reasonably justified.

The servitude awarded plaintiff occupies about twenty-four and a half acres, much of it in the woods at the time of taking. For value of this occupancy and damages something more than seventy dollars an acre is allowed, or seventeen hundred and fifty dollars.

The rehearing applied for must be refused, but the decree heretofore rendered is amended so as to read as follows: For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from be amended by awarding to the plaintiff company a right of way or servitude for railway purposes over and on the lands described in said judgment, and to the extent therein described, and vesting in the plaintiff company the right of the use and occupation of the said lands for such servitude upon payment to the defendant

of the sum of seventeen hundred and fifty dollars, reserving to J. W. Atkins, lessee, against the plaintiff, whatever rights he may have growing out of his lease of the lands so taken and occupied, and as thus amended the said judgment be and the same is hereby affirmed— costs of the lower court to be borne by plaintiff, those of appeal by the appellee.