BREAUX, C. J.
This is a suit by plaintiff to expropriate a corner of square No. 571, and a strip extending diagonally through square No. 598, in the Seventh district of New Orleans, necessary for plaintiff’s right of way. The defendant is owner of the property. She was not anxious to sell it as it was-enhancing in value. Besides she avers that it has been held by her and her ancestors for future rise in value, in the portion of the city where it is situated. She asks that plaintiff’s demand be rejected, or if granted, that she be allowed $4,000 therefor.
The case was tried before a jury. It found a verdict for the defendant and assessed the value of the property, together with the damages in the sum of $2,400.
Plaintiff appeals.
Plaintiff’s first complaint on appeal is that the verdict is worthless, because the jury did not set forth in separate items the value of the property and the damages granted. It does not appear to us that by lumping in one sum the value of the property and the damages, plaintiff presents an issue requiring the ease to be remanded, in order that the jury may be given an opportunity of considering and fixing the amount of each item. We have no reason to infer that the jury did not consider each item and that the jury did not fix the value of each, .although each item is before us in one sum, that is $2,400. The amount of the jury’s finding was, as before stated, for the value of the property and the damages taken together.
Civ. Code, art. 2632, requires that the jury shall determine the value of the land and the damages. This article does not separate the value of the land from the damages, or indicate that each must be fixed separately before the total is added. Where there are a number of items and the property is of considerable value it may be of some assistance in ascertaining the amount to be fixed, if each item is considered separately. Here the property is of no great value and the damages small.
This court held in the Hinds Case, 50 La. Ann. 785, 24 South. 287, that witnesses should not be confused by an examination touching the value of the land and the damages as one *162 element of damages. There were, we infer, a number of items of damages. Here it is different, it was easy, convenient, and almost unavoidable to consider both value and damages together.
The damage was quite limited as compared to the value of the property.
Moreover, the ease is before us. We are reminded by an old maxim that there should be an end to law suits. “Debet esse fini litium.”
If there was error (we do not think there was), this court can render the verdict which the jury should have done.
The next ground of objection urged by plaintiff is • that the jury declined to examine the land.
True, it would be best if the expert examined the object he appraises and visited and inspected the property. But the rule is not imperative in all instances. In this case large photographs had been taken and were placed before the jury; also the plats of surveys which gave a correct idea of the locus in quo as complete as if the jurors had gone to the place and inspected the property. The lands in question are suburban and open grounds.
It may be that the jurors were as familiar with the two small strips of land as they were with the apartments of their respective homes.
Plaintiff’s next contention is that the verdict was improperly reached; that the jury’s improper conduct was complained of in the lower court in a motion for a new trial. In overruling this motion, the trial court states that which the record renders evident that the motion for a new trial is not sworn to. That it was not made to appear with reasonable certainty that each juryman wrote down the amount which he considered should be allowed, and that this amount was divided by 12 and the quotient was accepted and returned as the body’s verdict.
In other words, “fortunara faciunt judicem;” they made fortune the judge by casting lots as to the amount to return, was substantially plaintiff’s charge. '
The trial court said, quoting, in substance, that no name was given of any one by whom the charge could be proven. The court states further that the allegation of plaintiff’s counsel “was based upon information received, that they, in consequence, could not have been heard as witnesses.”
We have this to say in regard to this serious charge, that although made in the utmost good faith by able and favorably known counsel, we do not think for reasons given by the-court a qua that we should remand the case on that account. We have concluded that the court’s action, in overruling the motion for a new trial, should not be disturbed.
This brings us to a consideration of the issues.