BREAUX, C. J.
The action is petitory.
Plaintiff corporation claims the land by purchase and asks that ‘the defendant be ousted.
It traces back its title by mesne conveyance to the government.
Defendant claims ownership by purchase from the Shreveport & Red River Railway Company, and the latter acquired by expropriation against the heirs of W. W. Smith.
If not acquired by expropriation, defend *590 ant pleads in the alternative that it went into possession of the land and constructed its track thereon, and that it has occupied the land without objection, and that plaintiff acquiesced in all that was done by the defendant in possession.
The judgment of the district court recognizes plaintiff’s title. That court ordered the defendant to remove its track.
Plaintiff pleads res judicata, and to sustain that plea reference is made to the decision in Louisiana & Arkansas Railway Co. v. Louisiana Railway & Navigation Co., 125 La. 756, 51 South. 712.
It is true that there are several questions settled by that decision pertinent in deciding the rights of parties to this suit.
We have given careful attention to the text of that decision.
AVe will here state that the spur track, which was the subject of controversy in the cited decision, had fallen into innocuous desuetude.
It was never of much use at any time in so far as the public is concerned, for the spur was really not used in the interest of the public. Even as a private enterprise, it was really not in use of late.
It is quite true that in the cited decision, supra, parties in interest as defendants sought to prove that the spur was of some use, but in this they signally failed. The court did not sustain that contention; but, on the contrary, held that it was out of use and subject to expropriation, for which a judgment was rendered.
On the other hand, the defendant’s contention is that it acquired its title in an expropriation suit, brought by it against a number of owners, in the year 1898, or by acquiescence of the owners.
Instead of being in favor of defendant, the effect of the decision cited was to put an end to whatever right the defendant had in this right of way.
The court expressly held that, as the spur track was of no further use to defendant, it was property that could be expropriated.
Plaintiff, none the less, chose to go behind these expropriation proceedings on the part of defendant in order to contend that defendant had really acquired no right by virtue of the expropriation suit in 1898 because it had not made all the owners of the land in question parties to the suit. In other words, plaintiff was not content with relying upon the cited decision, but urged that defendant had acquired no right at any time.
In the second place, plaintiff pleads that the petition of defendant for expropriation of the land in 1898, as before stated, was deficient in that the petitioner did not claim the land in controversy.
The defendant here — plaintiff in the proceedings for expropriation — in the petition in question, confined its allegation to a right of way to land situated in Silver Lake.
The lands in this redeemed lake are lower than those of the former shores of the lake. There is a plain line of division between the hill lands and the low lands of the lake. The land now in controversy is not within the area of the former lake lands. It was not possible for defendant, in the expropriation proceedings of 1898, to acquire hill lands in a suit in which it was alleged that the purpose was to expropriate Silver Lake lands.
In alleging that it was the purpose to expropriate lands in this lake, the petition did not include lands on the hill where this spur track is situated.
The fact most fatal to defendant’s claim (although one can scarcely be more fatal than the fact just mentioned) is that the owners of the land on which the spur track is built were never cited, never made parties to the expropriation proceedings; and, of course, that being the case, as to them, no title was acquired.
*592 Although the proceedings were virtually null, the plaintiff in the present suit, abundans cautela, avers, in substance, that after a public servitude in the interest of a railway has ceased entirely to be of use it reverts back to the owners of the adjacent lands.
Without this plea, it would be difficult for the defendant, under the null proceedings, to recover the lands on which the spur track lies.
We will here state, none the less, that by the entire abandonment of the use the land passes back to the owner and becomes part of his ownership. Abercrombie v. Simmons, 71 Kan. 538, 81 Pac. 208, 1 L. R. A. (N. S.) 806, 114 Am. St. Rep. 509; Elliott on Railroads, § 40.
Our Code, art. 658, provides:
“The soil of public roads belongs to the owners of the land.” Bradley v. Pharr, 45 La. Ann. 426, 12 South. 618, 10 L. R. A. 647.
The abandonment above referred to was proven beyond a doubt. That it of itself the end of the case.
Before this court, defendant pleads the prescription of 10 years in support of its asserted title.
That plea cannot'be of any avail for it is not shown that defendant was in possession, nor that it has a present title which can serve as a basis of prescription.
Another position of defendant is that the recourse of plaintiff should be against the persons who received the price paid by defendant when it expropriated the land in the year 1S98, and that in consequence plaintiff has no right against it.
The pleadings would not sustain such a judgment.
Besides, the owner cannot be made to proceed against those who may have received the price. The plaintiff had a right of its own from which it cannot be deprived by instituting suit against others who were not in the least, either directly or indirectly, authorized to represent the defendant.
For reasons assigned, the judgment is affirmed.