O’NIELL, C. J.
 

 The plaintiff has appealed from a judgment rejecting his demand for the annulment and cancellation of the judgment that was rendered in the suit of the Louisiana Railway & Navigation Company v. William J. Knox, reported in 125 La. 454, 51 So. 493.
 

 Appellant contends that the judgment of expropriation gave to the railway company, defendant in this suit, only a right of way, or servitude, not the land itself, and that the railway company has lost the servitude by prescription for nonuse during a period exceeding 10 years.
 

 The defense is that the land itself, not a mere servitude, was acquired by the railway company by the judgment of expropriation. Defendant pleaded, in this suit, by way of estoppel, that the petition for expropriation was for the land itself, not a servitude; and
 
 *605
 
 that, in his answer to the suit, the defendant did not contend that a servitude would be sufficient for the needs of the railway company, but, on the contrary, acquiesced in the demand for expropriation of the land in full ownership, and demanded and was allowed as compensation the full value of the land, not the value of a servitude only. Defendant pleaded also in this suit, as a further estoppel, that, in his receipt for the compensation allowed by the judgment of expropriation, the defendant in that suit declared that the receipt was given and affixed to the original judgment to furnish a muniment of title. The defendant in this suit pleads, finally, that, inasmuch as the defendant in the expropriation suit might have raised the issue, by objecting to the plaintiff’s expropriating more than a servitude upon the land, the matter has passed in rem adjudicatam, and the judgment in the expropriation is conclusive of the issue.
 

 The case depends upon the correct interpretation of the judgment rendered in the expropriation suit; for, if the railway company acquired only a right of way, or servitude upon the land, the servitude is lost by prescription, for nonuse for a period exceeding 10 years. Rev. Civ. Code, arts. 783, 789, 798, and 3546; Thompson v. Meyers, 34 La. Ann. 615; Louisiana & Arkansas Railway Co. v. Louisiana Ry. & Nav. Co., 127 La. 587, 53 So. 872.
 

 The judgment of expropriation itself, apart from the pleadings and the verdict of the jury, leaves nothing for interpretation. There is no ambiguity about it. It is a conveyance of the land itself, not of a servitude viz.:
 

 “This case coming on for trial in accordance with previous regular assignment, by reason of the law and the evidence and the verdict of the jury rendered herein on the 12th day of May, 1909, it is ordered, adjudged, and decreed that the piece or parcel of land hereinafter described * * * be adjudged to plaintiff, the Louisiana Railway & Navigation Company, to wit:
 

 “Beginning at a point on the east boundary, * * * to the point of beginning. * * *
 

 “Also another piece or parcel of land in triangular shape, lying— * * ♦
 

 “It is further ordered and decreed, in accordance with the law and evidence and said verdict of the jury, that the defendant, William J. Knox, do have and recover judgment against the Louisiana Railway & Navigation Company for $13,667.50 as the value of the land, and for the further sum of $2,890 as damages sustained by the expropriation thereof, with 5 per cent, per annum interest .thereon from date of judgment.”
 

 The railway company appealed from the judgment, asking for a reduction of the amount of compensation which it was condemned to pay, and the defendant in that suit, answering the appeal, asked for an increase of the amount. This court regarded the judgment as one which conveyed title to the land itself, not a servitude, and, with that regard, affirmed the judgment. There was no dispute or contest as to whether the judgment should have expropriated the land itself, or only a servitude. In the beginning of his statement of the case (125 La. 454, 51 So. 493), the chief justice, for the court, said:
 

 “This is an expropriation proceeding, in which the plaintiff has appealed, asking that the amount awarded be reduced, and the defendant has answered, asking for an additional allowance. The only questions presented are as to the value of the property and the fact and quantum of damages. * * * ”
 

 And, in the beginning of his opinion (125 La. 456, 51 So. 494), the chief justice said:
 

 “Defendant acquiesces in the expropriation, but alleges that he ought to be paid at the rate of $700 per acre for the high land that plaintiff proposes to take, and at the rate of $340 per acre for the batture; that, by crossing the batture near the lower end, * * * 19 acres, lying immediately below the 15 acres mentioned, will be depreciated in value to the extent of $85 per acre. Wherefore he prays judgment for various sums. * * * ”
 

 In the receipt given by the defendant in the expropriation suit, one month after the
 
 *607
 
 judgment was affirmed by this court, for the compensation allowed, there is no suggestion that the payment was for a right of way or servitude only. On the contrary, the receipt contains a strong implication that the amount received was in payment and compensation for the land itself, not a servitude; viz.:
 

 “A duplicate receipt for the amount of said award has already been issued to said plaintiff company, and this receipt is presently granted and affixed to the original judgment at the request of the plaintiff company, so as to furnish a muniment of title desired by it.”
 

 Appellant contends that the railway company sued only for a right of way, or servitude, and that the verdict of the jury gave the railway company only a right of way, or servitude. It is- conceded that, in the original petition for expropriation, the railway company alleged that it wanted the land itself, not a right of way over the land, or a servitude upon it, and it is conceded that the railway company prayed for expropriation of the land itself. It is contended, though, that in an amended petition, which was filed merely to correct an error in the description of the land in the original petition, the railway admitted that it was suing only for a right of way, or servitude. The argument is founded upon the fact that there was written above the description of the land, in the amended petition, a caption reading thus: “Description of Right of Way Required of Wm. J. Knox.” .
 

 The only purpose of the supplemental petition, however, was to correct the description of the land, as described in the original petition, and the prayer of the amended petition was merely a reiteration of the prayer of the original petition, which was for expropriation of the land itself, not a servitude upon it. The answer to the expropriation suit was filed after the amended petition was filed, and, in the answer, the defendant did not dispute, but virtually admitted, that the plaintiff wanted and was suing for the land itself.
 

 “For further answer, respondent says that
 
 the land described in the original and amended petitions
 
 is approximately 49.7 acres in extent, that approximately 14 acres of said quantity lies between the plaintiff’s main track and the track of "the Yazoo & Mississippi Valley Railroad Company on high land, which is worth the true and just value of $700 per acre, and respondent is entitled to judgment
 
 for the value of the land jxist
 
 described. * * * That approximately 37.7 acres
 
 of the Imid sought to be expropriated, as described in the petition
 
 * * * is of the just and true value of $340 per acre, and respondent is entitled to judgment against the plaintiff for the sum of $13,-138
 
 as the value thereof,
 
 making a total sum of $23,038 due respondent
 
 for the value of the land described in the petition and sought to be expropriated.”
 
 (The italics are ours, of course.)
 

 It is plain, therefore, that the defendant in the expropriation suit was not misled by the caption of the description in the amended petition, but knew, and admitted in his answer, .that what the railway company was seeking to expropriate was the land itself, not merely a right of way or servitude upon it.
 

 In the verdict of the jury, the property expropriated was called a right of way, viz.:
 

 “We, the jury, find the following verdict: Judgment in favor of plaintiff as to right of way, and assess the sum of $275 per acre for 49.7 acres — total $13,667.50, and damages to the amount of $2,890 in favor of defendant.”
 

 Speaking of a right of way, technically or precisely; it means a servitude of passage; but, in ordinary parlance, it may as well mean the strip of land over which the railroad runs as the servitude of passage. In the case of John T. Moore Planting Co. v. Morgan’s La. & T. R. & S. S. Co., 126 La. 841, 53 So. 23, it was said:
 

 “A right of way may consist either of the fee,, or merely of a right of passage and use, or servitude. Whether the one or the other is meant in any particular instrument must be gathered from- the instrument as a whole. As a general rule, only a servitude is meant.”
 

 
 *609
 
 All that might have been said, however, in the way of doubting whether the amended petition in the expropriation suit asked for the expropriation of the land itself or of a servitude, or in the way of doubting whether the verdict of the jury intended that the land itself or only a servitude should be expropriated, was foreclosed by the judgment itself, expropriating the land. If the defendant in the expropriation suit was not satisfied with the judgment in that respect, he should have complained in his answer to the plaintiff’s appeal, and this court would have had to decide whether he was entitled to an amendment of the judgment under his pleadings. On the contrary, he demanded further compensation for the value of the land itself, not merely for a servitude upon it, and he was therefore content that the judgment expropriating the land in full ownership should not be amended so as to reduce it to a servitude. The supposition is that he received more compensation for the value of the land than he would have received for a servitude, subject to the prescription of 10 years, under the articles of the Civil Code, which we have cited. See Shreveport & R. R. V. Ry. Co. v. Hinds, 50 La. Ann. 788, 24 So. 287.
 

 The statute under which the expropriation suit was brought is the Act 208 of 1906 (p. 362), which expressly authorizes expropriation of lands in full ownership, viz.:
 

 “Whenever * * * any corporation constituted under the laws of this state for 'the construction of railroads * * * cannot agree with the owner of land which may be wanted for its purchase, it shall be lawful for such * * * corporation * * .* to apply by petition to the district court, in which’ the same may be situated, * * * describing the land necessdry for the purposes, with a plan of the same, and a statement of the improvements thereon, if' any, and the name of the owner thereof, * * * with a prayer that the land be adjudged to such * * * corporation, * * * upon payment to the owner of all such damages as he may sustain in consequence of the expropriation of said land,” etc.
 

 Of course, if a servitude is all that the railroad company needs, that alone may be expropriated. Therefore, when a railroad company sues to, expropriate a tract of land, if the defendant believes that a servitude upon the land will serve the railroad company’s purpose, he may plead that defense, and the burden will then be upon the railroad company to prove that it needs the land in full ownership, and not merely a servitude upon it. John T. Moore Planting Co. v. Morgan’s La. & T. R. & S. S. Co., 126 La. 841, 53 So. 22. But if, in such case, the defendant does not plead that a servitude on the land would answer the purposes of the railroad company, or if the defendant acquiesces in the plaintiff’s demand and asks for compensation for the value of the land itself, then there is no issue raised as to whether the land in full -ownership, or only a servitude upon it, should be expropriated, and the plaintiff is not then required to prove that a servitude upon the land would not serve its purposes as well as would the land in full ownership.
 

 In the case of N. O. Pacific Railway Co. v. Gay, 31 La. Ann. 430, this doctrine was stated in the syllabus, viz.:
 

 “Where in a suit brought by a railroad corporation against the owner of land for the expropriation of a right of way the plaintiff claims under existing laws the full ownership of the land, and the defendant does not by his answer deny the right of full ownership, but merely disputes the amount of land claimed, a judgment may be properly rendered recognizing the title in fee claimed by plaintiff.”
 

 In the text of the opinion in the case cited, on rehearing, Chief Justice Manning, for the court, said:
 

 “The claim,.set up in the petition, was of the land in full ownership, and the plaintiff prayed an assessment of its value and the estimation of damages. The defendant specially pleaded that the quantity of land claimed (150 feet in width) was greater than is required for the company’s purposes, and that 50 feet was sufficient, and the prayer was that the demand fot a greater width be rejected. The lower judge
 
 *611
 
 siezed the point at issue with his usual intelligence, and directed the jury that, under the special plea, they could determine whether the quantity of land claimed exceeds what is reasonably necessary for the purposes of the company.
 

 “The pleadings do not therefore present the issue whether the company is entitled to the fee in the land; or rather, it is not disputed by the pleadings that the plaintiff is entitled to the fee. The plaintiff claims it. The defendant does not contest the right to it — on the contrary, in his printed argument does ‘not contend that the fee cannot be taken’ — but seeks only to restrict it to a smaller quantity of land.
 

 “Wo therefore rest our affirmance of the judgment of the lower court upon this feature in the pleadings in this case, and upon the admission of the defendant in his brief here, reserving for the future the question whether a railway would be entitled, as a matter of right under the statute, to the full ownership of the land in pei’petuity, whenever such right is contested and is made a distinct issue in the pleadings.”
 

 During the argument of this case, the writer of this opinion was under the impression that there were expressions in the opinion rendered in the John T. Moore Planting Company’s Case, 126 La. 873, 53 So. 22, contrary to the doctrine which we have quoted from the case of N. O. Pacific Ry. Co. v. Gay. Having read the expressions more carefully, however, in -the opinion in the John T. Moore Planting Company’s Case, we find that the only criticism of the opinion in the Gay Case was of that part which (as the author of the opinion in the John T. Moore Planting Company’s Case believed) drew a distinction between the rights of a railway company chartered
 
 m perpetuity,
 
 and the rights of a railway company chartered for a limited period. What was said, in the opinion in the John T. Moore Planting Company’s Case, on the subject of the burden of proof, was that, “upon the issue of the necessity vel non of taking the fee, instead of a servitude only,” the burden of proof was not upon the defendant to prove that a servitude 'would serve the purposes of the -railroad company, but upon the railroad company to prove that a servitude would not suffice. It was not said, or intimated, that,
 
 in the absence of such issue,
 
 the burden of proof was upon the railroad company to show that a servitude would not serve the company’s purposes as well as the land in full ownership. In that respect, the doctrine of the decision in N. O. Pacific Railway Co. v. Gay has not been disturbed by any expression to the contrary in the opinion in the John T. Moore Planting Company’s Case. And the doctrine of the Gay Case stands approved.
 

 Appellant’s learned counsel cite and rely upon the decision in Shreveport & Red River Valley Railway Co. v. Hinds, 50 La. Ann. 781, 24 So. 287, as being contrary to the decision in N. O. Pacific Ry. Co. v. Gay, and to the judgment appealed from. But we do not find it so. In the ‘Shreveport Case the appeal was from the judgment rendered in the expropriation suit. The railroad company appealed, asking for a reduction of the amount of compensation that had been allowed the defendant, and the latter, answering the appeal, prayed that the judgment should be amended “by limiting the title of appellant to a right of way,” etc. The appellant had sued for only a right of way or servitude; the verdict of the jury granted only a right of way; the judgment, based thereon, purported to convey the land itself; this court construed the judgment as conveying only a right of way, but to remove the doubt, amended the judgment so as. to convey only a right of way, or servitude. We quote from the opinion of Chief Justice Nicholls, using the italics where he used them, viz.;
 

 “The plaintiff in this suit prayed
 
 for a right of way
 
 over the plantation of the defendant. The latter in her answer asked judgment against plaintiff, for an amount fixed by her as being the value of the land, and for an additional amount as for damages. * * *
 

 “We.do not understand plaintiff to seek for more than a
 
 ‘right of way,’
 
 nor the verdict of the jury nor the judgment of the court as
 
 intending to convey any greater right than a right of way,
 
 and it is evident that it is not
 
 *613
 
 entitled to a judgment, decreeing to it
 
 the ownership of the property itself.
 
 Railway Co. v. Gay, 32 An. 471; (Telegraph Co. v. Railroad Co.) 49 An. 1278. We will, however, place that matter heyond controversy by our decree.”
 

 On rehearing, in the case last quoted, Mr. Justice Blanchard, for the court, said:
 

 “It is proper to add, however, that this issue is by no means squarely made in the answer of defendant. It should have been. Railway Co. v. Gay, 32 An. 474.”
 

 We have concluded that the judgment appealed from is correct, and we rest our affirmance of the judgment upon this: That the judgment expropriating the land in full ownership is conclusive of the issue, which might have been but was not raised by the defendant in his answer to the expropriation suit, as to whether the railroad company had the right to expropriate the land itself, or should have limited its demand to a right of way, or servitude.
 

 “Matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies, though the judgment may have been erroneous and liable to certain reversal on appeal.” Heroman v. Louisiana Institute, 34 La. Ann. 805. See, also, Conery v. New Orleans Water Works Co., 41 La. Ann. 933, 7 South. 8; Broussard v. Broussard, 43 La. Ann. 924, 9 South. 910; Union Nat. Bank v. Choppin, 46 La. Ann. 633, 15 South. 167; McNeeley v. Hyde, 46 La. Ann. 1098, 15 South. 167; Vincent v. Philips, 48 La. Ann. 356, 19 South. 143; Hewitt v. Williams, 48 La. Ann. 708, 19 South. 604; Police Jury of Lafourche v. Police Jury of Terrebonne, 49 La. Ann. 1335, 22 South. 376; Hargrave v. Mouton, 109 La. 536, 33 South. 590.
 

 “Not only is the judgment of a court conclusive on all questions actually and formally litigated, but likewise as to all questions within the issue, whether formally litigated or not, that is to say, all matters which are impliedly and necessarily within the issue joined, and the determination of which is necessarily included in the judgment.” Hewitt v. Williams, 48 La. Ann. 709, 19 South. 144.
 

 “Courts of justice, in stating the rule, do not always employ the same language; but where every objection urged in the second suit was open to the party within the legitimate scope of the pleadings in the first suit, and might have been presented in that trial, the matter must be considered as having passed in rem adjudicatam, and the former judgment in such a case is conclusive between the parties.” City of Aurora v. West, 7 Wall. 102, 19 L. Ed. 49.
 

 The judgment appealed from is affirmed, at appellant’s cost.
 

 BRUNOT, J., recused.