**BRIGHTWELL et al. v. INTERNATIONAL-GREAT NORTHERN R. CO.**

No. 9696.

Court of Civil Appeals of Texas. Galveston.

June 26, 1931.

Rehearing Denied July 22, 1931.

to my Lands and other property by the location and construction of the International Railroad, and for the further consideration of one dollar to me in hand paid, the receipt whereof is hereby acknowledged, *J. M. Thompson* of the County of *Rusk*, and State of Texas, have granted, bargained, sold and released, and. by these presents do grant, bargain, sell and release to the International Railroad Company a strip of *(200) Two Hundred* feet in width of land over the tracts of land particularly described as follows: viz., a tract in *Rusk* County known as *six hundred twenty-eight acres of E. G. Sevier survey and one hundred fifty acres of the W. P. Chisum league* over and upon which the said Company has built or may hereafter build its railroad and also the right to have the same strip of land in width, over and upon any other lands now owned or which may be hereafter owned by *me* in this State, through which said Railroad has been, or may be hereafter built; together with all and singular the rights, members, hereditaments and appurtenances to the same belonging or in anywise incident or appertaining:

"To Have And To Hold all and singular the said premises unto the said International Railroad Company, or its assigns, forever.

"And for the considerations aforesaid, as herein set forth, I do further grant to said Company such earth, material, timber and rock as may be found on *my* lands herein mentioned, *and granted herein as right of way* which may be required for the construction of said Railroad; and I do hereby grant to said Company· a full release from all claims against said Company for damages that may be sustained by their work in the construction and for right of way of said Railroad over any of the said lands.

"*Witness my hand this Oct. 28th, 1871.*

"*J. M. Thompson.*"

Young & Wynne, of Henderson (Toddie L. Wynne, of Henderson, of counsel), for appellants.

Barkley & Webb and McDonald Meachum, all of Houston, amici curiæ.

Andrews, Streetman, Logue & Mobley, Sewell, Taylor, Morris & Garwood, and E. J. Fountain, Jr., all of Houston, for appellee.

GRAVES, J.

Appellants assail an order of the Anderson county district court holding the railroad company to have a fee-simple title to the strip of land involved and refusing, on their application, to temporarily enjoin it from drilling for oil thereon, ably contending that the deed under which the company holds only gives it a mere easement in the surface of the soil for the single purpose of operating its railway "over and upon" the same; the deed involved was on one of the railroad company's printed forms, except as to the underscored recitations, which were written in, apparently, by the grantor in his own handwriting, as a photostatic copy of the instrument attached to the statement of facts indicates, and was as follows:

"Know All Men By These Presents: That for and in consideration of the enhanced value to be given, and is contemplated to arise

After adopting as his own the agreed statement of facts the parties had reduced to writing and filed, the learned. trial judge stated these conclusions of law:

"1. I conclude as a matter of law that under the terms and provisions of the deed from J. M. Thompson to International Railroad Company, dated October 28, 1871, a fee simple title to à strip of land two hundred (200) feet in width was thereby conveyed to said railroad company and that the defendant herein is the present legal and equitable owner of said strip of land.

"2. I further conclude as a matter of law that it was not the purpose or intention of any of the parties to said deed by inserting in said deed the last paragraph thereof to in any way limit or lessen the fee simple title theretofore granted and conveyed to the railroad company in the granting clause of the deed. I further conclude that it was the in-

tention and purpose of the parties to said deed to give and grant to said company rights additional to those granted in the granting clause of the deed and that the interlineation of the words "and granted herein as right of way" does not in any way limit the fee simple title and that it was not the intention of the parties by such interlineation to place a limitation or condition upon the fee simple title theretofore granted, but that the purpose and intention of the parties by such interlineation were to prevent the grantee in said deed from going upon other lands through which the 200 foot strip was conveyed for the purpose of taking therefrom earth, material, rock, timber, etc., and that this was the only purpose of such interlineation.

"3. I further conclude that by the last paragraph in the deed above mentioned the fee simple title was not in anywise lessened or contracted, but that by said paragraph additional valuable rights passed to the grantee in said deed, in that such grantee was relieved of liability which might be incurred by it in the construction of its railroad. That the insertion of said clause was permissible, but that the use of the words "right of way" therein is not inconsistent with the granting clause in the deed, but the use of said words can be harmonized with the construction I have placed upon the deed, giving all parts of the deed and all of its words and provisions force and effect.

"4. I further conclude as a matter of law that the strip of land involved in this suit is a part of the land conveyed by J. M. Thompson to International Railroad Company on October 28, 1871, that the defendant herein is now and has been in continuous possession thereof since October, 1871; that the defendant herein, being the present legal and equitable owner thereof, and being in possession of said land, is entitled to drill wells thereon and to take oil and gas therefrom. I, therefore, find that plaintiffs are not entitled to the temporary writ of injunction or other injunctive relief.

"Ben F. Dent, Judge Presiding."

■ Being in agreement with and unable to improve upon this construction of the deed, this court affirms the judgment based upon it, and cites as supporting the conclusion these authorities: R. S. Articles 1291–2–3; Kynerd v. Hulen (C. C. A.) 5 F.(2d) 160, certiorari denied, 269 U. S. 560, 46 S. Ct. 20, 70 L. Ed. 411; Bell County v. Alexander, 22 Tex. 350, 73 Am. Dec. 268; Lindsay v. Freeman, 83 Tex. at page 263, 18 S. W. 727; Olcott v. Gabert, 86 Tex. 121, 23 S. W. 985; Taylor v. County School Trustees (Tex. Civ. App.) 229 S. W. 670; Cartwright v. Trueblood, 90 Tex. 535, 39 S. W. 930; Calcasieu Lumber Company v. Harris, 77 Tex. 18, 13 S. W. 453; Stephenson v. St. L. S. W. R. Co. (Tex. Civ. App.) 181 S. W. 568, writ of error refused;

Crowell & Conner et al. v. Howard (Tex. Civ. App.) 200 S. W. 911; Stevens v. G. H. & S. A. R. Co. (Tex. Civ. App.) 169 S. W. 644; Id. (Tex. Com. App.) 212 S. W. 639; T. & N. O. R. Co. v. Orange County (Tex. Civ. App.) 206 S. W. 539; I.-G. N. R. Co. v. Brady (Tex. Com. App.) 283 S. W. 484; Right of Way Oil Co. v. Gladys City Oil Co., 106 Tex. 94, 157 S. W. 738, 51 L. R. A. (N. S.) 268; New Mexico v. United States Trust Co., 172 U. S. 171, 19 S. Ct. 128, 43 L. Ed. 407; Joy v. City of St. Louis, 138 U. S. 1, 11 S. Ct. 243, 34 L. Ed. 843, at page 857; Knox v. Louisiana Ry. & Nav. Co., 157 La. 602, 102 So. 685; Devlin on Real Estate, § 838a.

■ The few and well-settled rules of law by which such practical results as the one at issue here must be determined are so directly, comprehensively, and clearly applied in the collated cases to conditions of fact this court is unable to distinguish in ultimate legal effect from that obtaining in this instance that comment upon them would seem useless; they reflect that in Texas railroads in general may lawfully acquire by purchase a fee-simple title to, as well as a mere easement over, the surface of the lands upon which their rights of way are to be located; that the Act of 1870, creating the International & Great Northern Company (6 Gammel's Laws, page 606), gave it in particular the right to own fee-simple titles for such purposes; that deeds to railway companies involving lands for the purpose of constructing and operating railroads over and upon the same are, therefore, to be construed as they should be, were the grantees individuals; Kynerd v. Hulen, supra; Right of Way Oil Co. v. Gladys City Oil Co., 106 Tex., at middle of page 102, 157 S. W. 737, 51 L. R. A. (N. S.) 268; that with us an estate granted in lands, especially under bargain and sale agreements, "shall be deemed a fee simple, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law," the diminution thereof by implication not being favored; in such a deed, the granting clause "determines the interest conveyed, and unless there be repugnancy, obscurity or ambiguity in that clause, it prevails over introductory statements or recitals in conflict therewith, and over the habendum, too, if that clause is contradictory of or repugnant to it."

■ The application of these principles to this deed but confirms the trial court's interpretation of it; it plainly purports to convey "a strip of two hundred feet in width of land," "to have and to hold all and singular the said premises forever," the appended recital in the habendum clause, "and granted herein as right of way," if to be given any other effect than merely to describe for clarification of the "further grant" what the granting clause itself has already so conveyed,

appears to be purely contractual, with the sole objective of particularly specifying, first, that the "earth, material, timber and rock" privilege should be confined to that two hundred feet rather than to extend to the whole 778 acres, as without it it would have been the reaches of the printed form it interlined; second, the advance release of all claims for consequential damages the grantor might thereafter sustain as incident to the railroad's expected improvement of that strip for the purpose and the construction of its tracks thereon. And, as so viewed, this special suffix to an habendum clause, otherwise regular in form and having a fixed legal meaning as such, did, despite the fact that the fee in the two hundred feet had already passed to it, "further grant" a material right to the railway company, in that it was thereby released from all damnifying consequences to the adjoining lands of the grantor from its utilization of the strip conveyed, which otherwise would not have been so, since, under the law at that time, it would at least have been liable for any interference with the lateral support of what he had left. I.-G. N. Railroad Company v. Reagan (Tex. Civ. App.) 36 S.W. (2d) 564; G., C. & S. F. Ry. Co. v. Richards, 83 Tex. 203, 18 S. W. 611; Alabama M. Ry. Co. v. Williams, 92 Ala. 277, 9 So. 203; Timpson & H. Ry. Co. v. Smith (Tex. Civ. App.) 165 S. W. 87; Foley v. Wyeth, 2 Allen (Mass.) 131, 79 Am. Dec. 771; Simon v. Nance, 45 Tex. Civ. App. 481, 100 S. W. 1038; C. & O. Ry. Co. v. May, 157 Ky. 708, 163 S. W. 1112.

The authorities relied upon both by appellants and the several able lawyers appearing as amici curiæ do not hold differently, we think, upon the legal equivalent of the same state of facts; typical of them is Right of Way Oil Co, v. Gladys City Oil Co., 106 Tex. 94, 157 S. W. 738, 51 L. R. A. (N. S.) 268, cited supra.

Clearly, it seems to us, the instrument there held to pass only an easement for railway purposes over the surface of the land is not on a legal parity with this one, in that the granting clause, explicitly, only essays to convey "the *right-of-way* * * * over and upon the above-described tract of land," together with the right to take the timber, earth, etc., within it, and then only "so long as the same or any part thereof may be occupied and used for the purpose of constructing, operating, or maintaining its said railway"; naturally, therefore, the Supreme Court treated the phrase "right-of-way" as having in that special instance been used in its technical significance of an easement in the land, but it is not always so used, for, as was said by the Supreme Court of the United States in Joy v. City of St. Louis, 138 U. S. 1, 11 S. Ct. 243, 256, 34 L. Ed. at page 857:

"Now, the term 'right of way' has a two-fold signification. It sometimes is used to describe a right belonging to a party, a right of passage over any tract; and it is also used to describe that *strip of land* which railroad companies take upon which to construct their road-bed. Obviously in this paragraph it is used in the latter sense."

To the same effect is Knox v. Railway, 157 La. 602, 102 So. 685, 687, where the Louisiana court said:

"Speaking of a right of way, technically or precisely, it means a servitude of passage; but, in ordinary parlance, it may as well mean the *strip of land* over which the railroad runs as the servitude of passage. In the case of John T. Moore Planting Co. v. Morgan's La. & T. R. & S. S. Co., 126 La. 841, 53 So. 23, it was said:

" 'A right of way may consist either of the fee, or merely of a right of passage and use, or servitude. Whether the one or the other is meant in any particular instrument must be gathered from the instrument as a whole.' "

See, also, New Mexico v. U. S. Trust Company, 172 U. S. 171, 19 S. Ct. 128, 43 L. Ed. 407, Keener v. Union Pacific R. Co. (C. C.) 31 F. 126, 128.

Likewise, the opinion of our Commission of Appeals in I.-G. N. R. Co. v. Brady, 283 S. W. 484, which was expressly approved by the Supreme Court, used the term "right-of-way" as denoting a fee-simple title, while Judge Brown himself in the Right of Way v. Gladys City Case, supra, said:

"All authorities agree that the grant of a 'right of way' confers only an easement in the land. But land to be used as a right of way may be conveyed in fee; therefore the character of the title conveyed must be determined by the words used and the attending facts and circumstances."

Wherefore, determining this title by that test, it is held to have been one in fee simple.

An affirmance has been entered.

Affirmed.