Plaintiff, Charles H. Persigo, alleges that he is the owner of certain property situated in the Parish of Jefferson, and that he granted a right of way over said property, which has since been forfeited for nonusage. He asks that his title to the property, over which the right of way had been granted, be confirmed to him and the cloud resting upon it be removed. He cited as Parties-Defendant Johnson Company, Inc., the New Orleans Public Service, Inc., and the Police Jury of Jefferson Parish.
Johnson Company, Inc., and the New Orleans Public Service, Inc., made no appearance and the case was defended by the Police Jury of Jefferson Parish which filed an exception of no cause of action, which was overruled and later abandoned, and then answered claiming that it was the absolute owner of the property covered by the right of way.
There was judgment below in plaintiff's favor as prayed for against all three defendants. The Police Jury of Jefferson Parish alone has appealed. In this Court a plea of prescription of ten years, liberandi causa, was filed.
The facts are not in dispute. By private act acknowledged before a Notary Public on May 24, 1915, Persigo granted to Johnson Company, Inc., which had a franchise to construct an electric railway from the City of New Orleans to Shrewbury Road in Jefferson Parish, a right of way over his land measuring thirty feet wide by four hundred and sixty-five feet long. The railway was constructed and operated from 1915 to 1927, part of the time by Johnson Company, Inc., and part of the time by the New Orleans Public Service, Inc. The railway was abandoned in 1927, though the tracks were not removed until 1934. In 1939, the New Orleans Public Service, Inc., which acquired the right of way from Johnson Company, Inc., transferred all of its rights, title and interest therein to the Police Jury of Jefferson Parish.
It is the contention of the defendant that the property comprising the right of *Page 187 
way belongs to it in full ownership by reason of its acquisition from the New Orleans Public Service, Inc., which had acquired it from Johnson Company, Inc.
On the other hand, plaintiff asserts that he conveyed no more than a right of way, or servitude, for use of an electric railway to Johnson Company, Inc., and that when the New Orleans Public Service, the assignee of Johnson Company, abandoned the railway in 1927, and failed to operate it for ten years, it lost this servitude under Article 789 of the Revised Civil Code, which declares that "A right to servitude is extinguished by the nonusage of the same during ten years."
Defendant's plea of prescription will be overruled because, if plaintiff is correct in his contention that only a servitude was granted to Johnson Company, his right of action did not accrue until 1937, or ten years after the abandonment of the use of the property in 1927, and prescription did not begin to run until the later date. This suit was filed in 1941. If plaintiff is wrong and the defendant right in its claim to be the absolute owner of the property, this suit must fail because plaintiff, if not the owner of the property, is without interest in clearing the title. The only question which we are called upon to consider is whether the conveyance to Johnson Company, Inc., is a servitude or a transfer in full ownership.
A copy of the act by which Johnson Company acquired their right of way is in evidence and contains the following clauses:
"Be it known by these present, that Chas. H. Persigo, of the Parish of Jefferson, State of Louisiana declares that he does hereby sell, transfer, convey, assign, set over and deliver unto Johnson Company, Incorporated, of New Orleans, Louisiana, its assigns or transferees, a right of way thirty (30) feet wide running in an Easterly and Westerly direction, over and across that certain tract of land situated in the Parish of Jefferson, State of Louisiana, described as follows, to-wit:
"* * * * * * *
"And right of way is hereby conveyed, transferred, assigned and delivered unto the said grantee, assigns or transferees in perpetuity to have and retain absolute title to same, and to have the right of free ingress and egress, in and upon said right of way to construct, maintain, operate and manage a line of electric railway and such tracks, switches, "spurs, transmission lines, and all other appurtenances as may be necessary or convenient for the purpose of construction, maintenance, operation and management of said railway.
"The consideration of this transfer and conveyance is one dollar cash in hand paid, receipt of which is hereby acknowledged, and the many benefits, advantages and conveniences that will accrue to the said Chas. H. Persigo and the enhancements in value of adjacent lands by virtue of the building of the Railway through said lands.
"The said grantee hereby accepts this transfer and conveyance and agrees to construct, or cause to be constructed a line of electric railway in, over, across, or along the right of way described, and have same completed on or before the first day of April 1915, and further agrees to construct and maintain proper crossing over said railway track at grade; to leave the proper openings in all drains and ditches now existing on said right of way.
"It is distinctly understood that a failure to complete said line of railway by the said grantee, or its assigns over the said right of way on or before the first day of July, 1915, shall work a forfeiture of all rights of said grantee or its assigns in and to the said right of way, except that in the event of delays caused by litigation of any character regarding the construction of said railway or by any unforeseen circumstances beyond the control of said company, there shall be added to said time mentioned a further delay equal to the time said construction was retarded; but if said line of railway shall be completed through and over the property on or before said date or extended date, then said right of way, above described shall be the property of said grantee and its assigns forever."
Defendant's counsel point to certain phraseology as indicative of Persigo's intention to convey title to the strip of land composing the right of way, as, for example, "he does hereby sell, transfer, convey, assign, set over and deliver unto Johnson Company, incorporated * * * a right of way thirty (30) feet wide * * *" and again the right of way "is hereby conveyed, transferred, assigned and delivered unto the said grantee, assigns or transferees in perpetuity to have and retain absolute title to same, and to have the right of free ingress and egress, in and upon the said right of *Page 188 
way to construct, maintain, operate and manage a line of electric railway and such tracks, switches, * * *". But when all is said and done it is the right of way which is assigned, set over and delivered, etc., and though it is said to be delivered in perpetuity, the act of conveyance must be read in connection with the Article of the Civil Code which declares that when the right of way is not used for a period of ten years, it ceases to exist.
"The conveyance of land to a railroad for a right of way or for railway purposes is the grant of a servitude." Noel Estate, Inc. v. Kansas City Southern Gulf Railway Co. et al., 187 La. 717,175 So. 468, 470.
"If railroad in expropriation suit acquired only a right of way or servitude on the land, servitude was lost by prescription for nonuse for a period exceeding 10 years." Knox v. Louisiana Railroad Nav. Co., 157 La. 602, 102 So. 685.
In Parish of Jefferson v. Texas Company, 192 La. 934,189 So. 580, 591, the Congress of the United States authorized the Secretary of War to construct a navigation canal, all or part of which was to be in Jefferson Parish, provided that the United States was put to no expense in "acquiring any lands and easements necessary for the improvement". The Parish of Jefferson expropriated the necessary land and donated it to the Government of the United States. It was held that although the Parish of Jefferson acquired the property in full ownership, the Government only acquired an easement or servitude. The granting clause in the act of donation reads as follows:
"Who declared, that for the consideration and on the terms and conditions hereafter expressed, it does by these presents grant, bargain, donate, convey, transfer, assign and set over unto the United States of America for perpetual use as a right of way for the Barataria Bay Waterway all that land or parcel of land situated in the parish of Jefferson, State of Louisiana, and described as follows:"
The Court held that only a servitude was granted declaring that the situation so far as the servitude was concerned, was similar to that considered by the Court in Noel Estate, Inc., v. Kansas City Southern Gulf Railway, et al., previously referred to, where in speaking of a similar conveyance, the Court said:
"In short, the transaction was a sale or a grant of the property for a specific use and purpose, this is inconsistent with any idea of a sale of the title to the land in fee simple, the former is a restrictive or limited sale or grant and the latter is an outright conveyance of title. In the first instance there is a grant of the use of the land and in the second one, a sale of the land itself."
In Texas Pacific Railway Company v. Ellerbe, 199 La. 489,6 So.2d 556, 557, the court said:
"The jurisprudence is well settled that the conveyance of a right of way is to be regarded as a mere servitude and not as a transfer of a fee-simple title of the land unless the deed itself evidences that the parties intended otherwise. See John T. Moore Planting Company v. Morgan's Louisiana T.R. S.S. Co.,126 La. 840, 53 So. 22; Louisiana Sulphur Mining Co. v. Brimstone R. 
Canal Co., 143 La. 743, 79 So. 324; Leader Realty Co. v. Taylor,147 La. 256, 84 So. 648; Knox v. Louisiana Ry. Nav. Co.,157 La. 602, 102 So. 685; and Bond v. Texas P.R. Co., 181 La. 763,160 So. 406.
"In [John T.] Moore Planting Co. v. Morgan's Louisiana T.R. S.S. Co., supra, (126 La. 840, 53 So. 22), we said: `A right of way may consist either of the fee, or merely of a right of passage and use, or servitude. Whether the one or the other is meant in any particular instrument must be gathered from the instrument as a whole. As a general rule, only a servitude ismeant.' (Italics ours.)"
In the case at bar, an examination of the conveyance of the right of way convinces us that there was no intention on the part of Persigo to convey or of Johnson Company, Inc., to acquire anything more than a right of way or servitude, consequently, and
For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from be and it is hereby affirmed, and the title to the land comprising the right of way granted Johnson Company, Inc., by act under private signature, acknowledged before a notary public on May 24th, 1915, be and it is hereby quieted and confirmed in the name of Charles H. Persigo, the following described property:
"One-half (1/2) of letter `B' and one half (1/2) of letter `C' subdivision of Bath No. 2 on the north side of and parallel *Page 189 
to and adjoining the Metairie Ridge Road, for a distance of about four hundred and sixty-five (465) feet, less fifty (50) feet sold to Aug. Persigo, facing Metairie Road next to J.N. Betz. Said land measures about four hundred and sixty-five (465) feet, less fifty (50) feet sold to said Aug. Persigo."
Affirmed.