(33 South. 597.)

No. 14,426.

## FUSELIER v. POLICE JURY OF PARISH OF IBERIA.

(Jan. 19, 1903.)

PUBLIC ROADS—ESTABLISHMENT—EXPROPRIA-
TION—PROCEDURE.

1. While the discretion of police juries in re-
spect of the establishment of public roads is
not an arbitrary one, the courts will not inter-
fere with the same unless there appear a clear
case of its abuse.

2. Act No. 117 of 1886 and Act No. 96 of
1896, amending and re-enacting section 1479 of
the Revised Statutes, which is identical with
article 2630 of the Civil Code, had the effect
of likewise amending and re-enacting the latter,
even though it were not referred to in the
amending acts.

3. Section 3369 of the Revised Statutes is
*held* not to be in conflict with article 2640 of
the Civil Code and the articles immediately
preceding it. They are laws in pari materia
and construing them together reasonable effect
can be given to each.

4. If, for instance, the police jury of a parish
wish to acquire a site for a courthouse or jail,
it would expropriate the same under the articles
of the Code as amended by the Acts of 1886
and 1896.

5. But if the police jury ordered the making
of a public road in the country, and had trouble
with the owners of the land over which it is
to pass, it would proceed under section 3369
of the Revised Statutes to impose a mere servi-
tude of passage over such lands.

6. When article 2640 of the Code declares
that the proceedings set forth in the articles
preceding it shall be required in all cases of
expropriation, it means all cases of expropria-
tion where the intention is to vest something
more in the expropriating plaintiff than a mere
right of occupation or use of the soil.

(Syllabus by the Court.)

Certiorari to Court of Appeals, Third cir-
cuit.

Action by Marie Coralie Fuselier against
the police jury of the parish of Iberia. Judg-
ment for defendant was affirmed by the
Court of Appeals, and plaintiff applied for
certiorari or writ of review. Affirmed.

Voorhies & Voorhies, for applicant. An-
thony N. Muller, for respondent.

BLANCHARD, J. Under section 3369 of
the Revised Statutes, the police jury of
Iberia parish appointed a jury of freehold-
ers to trace and lay out a public road from
one given point to another.

The jury acted and made report to the
effect that they had traced and laid out the
road, that it was to be 50 feet wide, and
would occupy or take up an area of a given
number of acres, and that they had assess-
ed as damages to be paid to the owners of
the land over which it passed $35 per acre.

Whereupon the police jury enacted an or-
dinance ordering the appropriation of the
land over which the road was to pass and
directing payment to be made to the owners
at the rate of $35 per acre.

The plaintiff resisted this taking or pro-
posed occupation of her land for road pur-
poses and brought the present suit. She
seeks to have annulled the ordinance of the
police jury referred to, and prays for the
perpetuation of the injunction, preliminarily
obtained, restraining the jury in the prem-
ises.

The district court rejected her demand
and dissolved the injunction, decreed the va-
lidity and binding force of the ordinance and
sustained the appropriation or expropriation
of lands had thereunder.

On appeal by plaintiff to the Court of Ap-
peals, this judgment was affirmed.

Whereupon she applied to this court for
its review of the said judgment, and it was
thought advisable to order up the papers.

Ruling—Police juries have authority over
public roads in their respective parishes.
This includes the power to lay out and es-
tablish public roads.

It is within their discretion to determine
that new roads shall be laid out and estab-
lished, and over what section of country
they shall pass, and from what point to an-
other they shall run.

While this discretion is not an arbitrary
one, the courts will not interfere with same
except in a clear case of its abuse. See
Cross v. Police Jury, 7 Rob. 121; Fusilier v.
Police Jury. 6 La. Ann. 671; Police Jury v.
D'Hemecourt, 7 Rob. 512; Zenor v. Con-
cordia, 7 La. Ann. 150.

We are not satisfied, from the facts and
circumstances of this case, that there has
been an abuse of its discretion by the police
jury of Iberia parish. Nor are we satisfied
that the award allowed by the district court
is insufficient in amount.

This brings us to the plaintiff's main con-
tention, which is that the expropriation pro-
ceedings had not been carried on with the

formalities the law provides in matters of divestiture of property.

She does not contest the authority of the police jury to appropriate lands for public roads purposes in a proper case and on proper proceedings had, but maintains that the method laid down in section 3369 of the Revised Statutes is no longer in vogue.

The section in question provides in part that:—

"All roads to be hereafter opened and made, shall be laid out by a jury of freeholders, consisting of not less than six inhabitants of the parish where the said road is to be made, to be appointed for that purpose by the police jury. It shall be the duty of the said jury of freeholders to trace and lay out such road to the greatest advantage of the inhabitants, and as little as may be to the prejudice of inclosures, and assess such damages as any person may sustain."

This law was first enacted in 1818. It was re-enacted by incorporation in the Revised Statutes of 1870.

Plaintiff contends it has been superseded, rendered obsolete and practically repealed by changes made since 1870 in the law relative to the expropriation of private property for public purposes.

She refers to Act No. 117 of 1886 and Act No. 96 of 1896. Both of these acts are statutes amending and re-enacting section 1479 of the Revised Statutes. Section 1479 is the same as article 2630 of the Civil Code.

The section and the article, as originally enacted, gave to any corporation constituted under the laws of the state for the construction of a railroad, plankroad, turnpike road, canal, etc., the right to expropriate the land required for its purpose when unable to agree with the owner as to its purchase.

Act No. 117 of 1886, without referring to the corresponding article of the Code, amends and re-enacts the identical law in the Revised Statutes, to wit:—section 1479, by incorporating the words "the state, or any political corporation of the same, created for the purpose of exercising any portion of the governmental powers in the same, or."

Then came along Act No. 96 of 1896, which amends and re-enacts section 1479 as amended by Act No. 117 of 1886. The change made by the act of 1896 consists in the insertion of the words "or the board of administrators of any charity hospital, or any board of public school directors thereof."

So that the law of the Revised Statutes, after the passage of the two acts referred to, read:—

"Whenever the state or any political corporation of the same, created for the purpose of exercising any portion of the governmental powers in the same, or the board of administrators of any charity hospital, or any board of public school directors thereof, or any corporation constituted under the laws of this state for the construction of a railroad, plank-road, turnpike-road, or canal for navigation, or for the purpose of transmitting intelligence by magnetic telegraph, cannot agree with the owner of any land which may be wanted," etc.

The change consisted in giving the state, or any of its political subdivisions, or any hospital board or public school board, the same right of expropriating lands required for the public use as was given railroad corporations and other quasi public corporations to expropriate for their purposes.

And there was in each of the amending acts (those of 1886 and 1896) a further clause to the effect that "all the existing laws for the forms and process of expropriation of property shall be applicable to the said section as thus amended and re-enacted."

These "existing laws" referred to the other sections of the Revised Statutes relating to the expropriation of property, and to the articles of the Code treating of the same subject-matter.

They were, in the main, sections 1480 to 1491, inclusive, of the Revised Statutes, and articles 2631 to 2641, inclusive, of the Code.

The act of 1886 and that of 1896 amending and re-enacting a section of the Revised Statutes identical in words with article 2630, had the effect, also, of amending the latter, even though the same was not named in the amending acts. Rills v. Barrow, 30 La. Ann. 658.

Under the law, then, as it now stands, a parish of the state, through its police jury, has the same right to go into court and expropriate private property for public purposes, as is given to railroad and other simi-

lar corporations by articles 2630 to 2639, inclusive, of the Code.

Because this is so plaintiff insists that the mode of expropriation prescribed in those articles of the Code is exclusive of all other modes, and re-enforces this insistence by confidently pointing to Civ. Code, art. 2640, which declares that:—

"The proceedings set forth in the foregoing articles shall be required in all cases of expropriation of property necessary for the general use."

In this connection her counsel contends that section 3369 of the Revised Statutes, under which the police jury of Iberia parish proceeded against her, being in irreconcilable conflict with Civ. Code, art. 2640, and the articles immediately preceding it, the latter prevail over the former, under the authority of section 3900 of the Revised Statutes, which gives precedence to the Code in cases of such conflict.

Undoubtedly, if such conflict exist, the authority of the Code prevails and Rev. St. § 3369, would be without force of law to warrant what defendant jury did.

But we do not find an irreconcilable conflict. Section 3369 and the articles of the Code referred to are laws in pari materia.

Such laws are to be construed together, and so construed as to give, if possible, effect to each.

When we come to examine articles 2630 et seq. to 2639, inclusive, of the Code, it appears clear that they refer to such taking of private property for public purposes as amounts to complete expropriation under the law of eminent domain; the vesting, as it were, of the ownership in the plaintiff in such expropriation suit.

Thus, article 2630 makes use of the expression "cannot agree with the owner of any land which may be wanted for its purchase"—meaning, obviously, that when the state, or any one of its political corporations, or the board of administrators of any charity hospital, or any board of school directors, or other corporation authorized by the article or the statutes amending same, to resort to the law of eminent domain to acquire property needed for public purposes, cannot agree with the owner of such property as to its purchase, terms, etc., such public body or corporation may take the action authorized by that article and those succeeding it to acquire the same by expropriation, and the article itself directs the petition for expropriation to conclude "with a prayer that the land be adjudged to such corporation," etc.

Article 2634 declares that any appeal taken in such expropriation suit from the verdict of the jury and judgment of the court shall not suspend the execution of the judgment, but that payment of the amount to the defendant owner, or its deposit subject to his order, "shall entitle the corporation to the right, title and estate of the owner in and to the land described in the petition in the same manner as a voluntary conveyance would do."

And article 2636 declares that if the owner think the quantity of land sought to be purchased exceeds that which is necessary, he may file a special plea, etc.—showing that the provision made by the articles of the Code for the taking of property relate to a much more complete and radical taking of property than what is needed or authorized when an ordinary common dirt road is to be laid out for the convenience of the public across rural property, i. e. lands in the country.

If, for instance, the police jury of a parish wish to acquire a site for a courthouse or jail, it would expropriate the same under the articles of the Code as amended by the Acts of 1886 and 1896.

But, if the police jury ordered the making of a public road in the country and had trouble with the owners of the lands over which it is to pass, it would proceed under section 3369 of the Revised Statutes to impose a mere servitude of passage over such land.

The road would be laid out over the lands, and the use of enough of soil for the purpose would be appropriated, paying the owner for the mere occupation of the same and not taking "the right, title and estate of the owner in and to the land," as seems to be authorized by article 2634, where formal and complete expropriation is resorted to.

In the one case, where complete expropriation is had under the articles of the Code, it would seem that the fee, itself, of the land, so far as the purpose for which it is wanted is concerned, is taken, while in the other, to wit:—the laying out of a public road under

Rev. St. § 3369, the fee remains altogether in the owner of the soil. Civ. Code, art. 658; Bradley v. Pharr, 45 La. Ann. 426, 12 South. 618, 19 L. R. A. 647. See, also, concluding paragraph of Rev. St. § 3369.

And if the ordinance of the police jury went further than it should and used terms that imply a vesting of title to the land occupied by the road in the parish, such terms, construed with the law, would be held to mean that a mere right of servitude of passage on and over the land was taken.

The foregoing construction enables the law of expropriation as laid down in the Code to have its effect, and the law of appropriation as laid down in Rev. St. § 3369, to have its effect, and avoids all conflict.

And when article 2640 of the Code declares that the proceedings set forth in the articles preceding it shall be required in all cases of expropriation, it means all cases of expropriation where the intention is to vest something more in the expropriating plaintiff than a mere right of occupation or use of the soil.

The owner, over whose lands a public road is ordered laid pursuant to the authority of Rev. St. § 3369, has no just cause of complaint on the score of the ex parte character of the proceedings. He may have "his day in court." He is not bound irrevocably by the action of the police jury, nor by that of the jury of freeholders appointed to lay out the road and assess the damages. Section 3370, Rev. St., gives him the right to go into court and contest the action taken, and jurisprudence has recognized and vindicated this right. See authorities hereinbefore cited.

It is ordered that the judgment herein of the district court as affirmed by the court of appeals remain undisturbed.

The judgment of the district court as affirmed by the Court of Appeals remains undisturbed.