(104 So. 372)

No. 27146.

**POLICE JURY OF EVANGELINE PARISH v. THIBODEAUX.**

**In re THIBODEAUX.**

(April 27, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Eminent domain ⬥9 — Expropriation; in view of statute, parishes may expropriate land for public use.**

In view of Act No. 117 of 1886, § 1, amending Rev. St. § 1479, political corporations of state, including parishes, have same right as railroads and other quasi public corporations to expropriate land for public use, whether under sections 1480, 1481, or Civ. Code arts. 2631, 2632; Civ. Code, art. 2630, being amended accordingly, and right retained by Act No. 96 of 1896, Act No. 227 of 1902, Act No. 208 of 1906, and Act No. 123 of 1910, amending section 1479, Rev. St.

2. **Eminent domain ⬥167(1)—Expropriation; statutes requiring freeholders' jury to lay out road not repealed by act authorizing expropriation of land by parish.**

Rev. St. §§ 3369, 3370, requiring that roads be laid out by jury of freeholders, and reserving right of appeal to district court, were not repealed by Act No. 117 of 1886, § 1, amending section 1479, by giving political corporations, including parishes, same right as railroads and other quasi public corporations to expropriate lands for public use.

3. **Eminent domain ⬥167(1)—Expropriation of land for nonstate road through court proceedings not authorized.**

Act No. 95 of 1921 (Ex. Sess.) § 27, authorizing parishes to expropriate land for state highways under general laws as to expropriation of private property for public purposes, is inapplicable to roads not part of state system, as defined by Act No. 236 of 1924, § 1, and hence does not render applicable thereto Civ. Code, arts. 2630–2633, providing for expropriation through court proceedings, rather than Rev. St. §§ 3369, 3370, requiring jury of freeholders and reserving right of appeal to district court.

4. **Eminent domain ⬥167(1)—Expropriation; road bond issue by parish does not require acquisition of fee in land taken, so as to authorize expropriation by court proceedings.**

That bonds were voted by parish under Const. 1921, art. 14, § 14(b), to construct pub-

lic road, does not necessitate acquisition of fee, instead of mere servitude over lands taken for purpose, so as to authorize expropriation under Civ. Code, arts. 2630–2633, by court proceedings, instead of under Rev. St. §§ 3369, 3370, requiring that road be laid out by jury of freeholders.

5. **Mandamus ⬥3(12)—Writ to compel injunction against expropriation of land for public road held unnecessary.**

Supreme Court may annul public road expropriation proceedings by police jury, under writ of certiorari issued on petition, containing sufficient allegations and prayer for general relief, and need not grant writ of mandamus to compel trial judge to grant injunction prayed for by petitioner.

O'Niell, C. J., dissenting. ·

Suit by the Police Jury of Evangeline Parish against Eubertie Thibodeaux. Judgment for plaintiff, and defendant brings certiorari and applies for writ of mandamus. Judgment annulled and set aside, and suit dismissed.

L. A. Goudeau, of Lake Charles, for relator.

R. Lee Garland, Dist. Atty., of Opelousas, for Parish of Evangeline.

OVERTON, J. The police jury of the parish of Evangeline filed a petition in the Thirteenth judicial district court, in which it alleges that it is engaged in building a system of gravel roads and highways throughout the parish of Evangeline; that one of these highways, known as the Mamou-Oberlin highway, runs from the town of Mamou to the line of division between the parishes of Evangeline and Allen, and thence to the town of Oberlin in the parish of Allen; that said highway has been located by it; that the right of way therefor, as located, has been secured almost in its entirety; that the contract for the building of the same has been let; that the highway, as located by it, runs through the property of Eubertie Thibodeaux, the relator herein; that it has endeavored to obtain the right of way for

said highway from said Thibodeaux amicably, but that its efforts in that respect have proven futile, and therefore that it is necessary to expropriate said right of way under the general expropriation laws of the state.

In the foregoing suit, Thibodeaux filed a petition, praying for a writ of injunction prohibiting the police jury, its agents, and employees from entering upon his land, and from disturbing him in the possession of the same. He alleges in this petition that the police jury is proceeding illegally to expropriate his land; that there exists no public necessity for said right of way; that there now exist two public roads bordering on and running through his land; that for the police jury to use one of these roads will not lengthen the route adopted, nor inconvenience the public; and that, should the police jury be permitted to expropriate said right of way through his land, it will cause him heavy and unnecessary damage.

The trial judge issued a rule nisi on the foregoing petition, directing the police jury to show cause why the injunction should not issue. The police jury, in response to this rule, appeared and filed an exception of no cause of action. After hearing the rule, the trial judge refused to issue the injunction.

The day before the writ of injunction was refused, Thibodeaux filed several exceptions to the expropriation proceeding, one of them being an exception to the jurisdiction of the court, ratione materiæ, and on the same day he also filed an answer to that proceeding. On the day following the filing of these exceptions, the exceptions were overruled, and Thibodeaux was ordered to trial over his objection. The trial was proceeded with and the jury found that the strip of land sought to be expropriated was necessary for public road purposes, assessed the damages, and judgment was signed accordingly.

Defendant has asked us to exercise our supervisory jurisdiction in order to grant him relief. He complains that the police jury is proceeding illegally, and alleges, among other things, that the only legal way in which it may acquire a right of way for a public road over the land of another by expropriation is by pursuing the course prescribed by sections 3369 and 3370 of the Revised Statutes, but that, instead of following the procedure there set out, the police jury has followed, without warrant of law, the procedure prescribed by articles 2630 to 2634 of the Civil Code, relative to the expropriation of property for public purposes.

After considering Thibodeaux's petition, this court ordered a writ of certiorari to issue directing the trial judge to transmit to this court the record, to the end that the validity of the proceedings complained of might be ascertained, and further ordered the judge and the police jury to show cause why the relief prayed for should not be granted.

The trial judge, in obedience to the rule issued, has forwarded the record to this court, and both he and the police jury have answered the rule.

The first question to be decided is the validity vel non of the expropriation proceedings, and the next relates to the relief, if any, to which Thibodeaux is entitled.

As we have seen, Thibodeaux contends, in his application to this court, that the entire proceeding for the taking of his property for public purposes is null, because it was conducted under the provisions of articles 2630 to 2634 of the Civil Code, instead of under sections 3369 and 3370 of the Revised Statutes.

The articles of the Civil Code mentioned read as follows:

"Article 2630. Whenever any corporation, constituted under the laws of this state, for the construction of a railroad, plankroad, turnpike road, a canal for navigation, or for the purpose of transmitting intelligence by magnetic telegraph, cannot agree with the owner of any land which may be wanted for its purchase, it shall be lawful for such corporation to apply

by petition to the judge of the district court in which such land may be situated, or if it extends into two districts, to the judge of the district in which the owner thereof resides, and if the owner does not reside in either district, then to the judge of either district, describing the lands necessary for their purposes, with a plan of the same, and a statement of the improvements thereon, if any, and the name of the owner thereof, if known and present in the state, with a prayer that the land be adjudged to such corporation upon the payment to the owner of all such damages as he may sustain in consequence of the expropriation of his land for such public work. All claims for land, or damages to the owner caused by its expropriation for the construction of any public works, shall be barred by two years' prescription, which shall commence to run from the date at which the land was actually occupied and used for the construction of the works.

"Art. 2631. On the presentation of such petition to the judge, it shall be his duty to indorse thereon an order directing the clerk of the court to give notice to the owner according to law. The clerk shall thereupon issue a copy of the petition and order, together with a notice of the time at which a jury will be impaneled to assess the value of the land described in the petition, to the sheriff, who shall make service and return therefor as in ordinary cases.

"Art. 2632. Immediately after the order shall have been made by the judge, it shall be the duty of the clerk and sheriff to make a list of forty-eight freeholders, residents of the parish in which the land lies, and not interested in the issue to be tried; from which list twenty-four shall be drawn and summoned to attend, on the tenth day after the date of the summons, or if that day be one of public rest, on the eleventh day after the date, and from the twenty-four freeholders, a jury shall be impaneled, which shall, by a verdict in which at least three-fourths of their number shall concur, determine, after hearing the parties and their evidence, what is the value of the land described in the petition with its improvements, and what damages, if any, the owner would sustain in addition to the loss of the land by its expropriation. In impanelling the jury, either party may challenge for cause, but no peremptory challenge shall be allowed.

"Art. 2633. In estimating the value of the property to be expropriated, the basis of assessment shall be the true value which the land possessed before the contemplated improvement was proposed, and without deducting therefrom any amount for the benefit derived

by the owner from the contemplated improvement or work."

[1] The articles of the Code quoted above are identical with sections 1479, 1480, 1481, and 1482 of the Revised Statutes. Section 1479 of those statutes was amended and re-enacted, in 1886, by Act 117 of that year. The effect of that amendment was to give to the state and to any political corporation thereof the same right to expropriate lands for the public use as was given railroads and other quasi public corporations, for their purposes, under the procedure provided by sections 1480 and 1481 of the Revised Statutes, or, which is the same, under that provided by articles 2631 and 2632 of the Civil Code, and to amend article 2630 of the Code accordingly. See Fuselier v. Police Jury, 109 La. 551, 33 So. 597. Since the passage of the amendment of 1886, section 1479 of the Revised Statutes has been amended and re-enacted several times, to wit, by Act 96 of 1896, Act 227 of 1902, Act 208 of 1906, and Act 123 of 1910; but in each of these amendments the right granted the state and its political corporations by the amendment of 1886 was retained. Hence, whether under the Revised Statutes or the Civil Code, the political corporations of the state, including parishes, have the same right to expropriate land for their purposes as railroads and other quasi public corporations have for theirs.

[2] It was under the foregoing articles of the Civil Code or the Revised Statutes, as amended, that the expropriation proceedings in the case at bar were conducted; and, as we have seen, Thibodeaux contends that they should have been conducted, if conducted at all, under sections 3369 and 3370 of the Revised Statutes. These sections, in so far as it is necessary to quote them, the former alone being quoted in part, read:

"Section 3369. All roads to be hereafter opened and made, shall be laid out by a jury of freeholders, consisting of not less than six inhabitants of the parish where the said road

is to be made, to be appointed for that purpose by the police jury; it shall be the duty of the said jury of freeholders to trace and lay out·such road to the greatest advantage of the inhabitants, and as little as may be to the prejudice of inclosures, and assess such damages as any person may sustain. * * *

"Sec. 3370. Whenever any individual, through whose land a road laid out as aforesaid shall pass, may be dissatisfied with the decision of the freeholders laying out the same, either as to the course the same is to take, or to the damages to him assessed, he may have an appeal to the district court for the parish in which said road lies; provided he prosecutes the same at the next session of the said court, after the laying out of the said road or the assessment of the damages; and no appeal shall be set aside for want of form in bringing the sale before the courts. Injunctions to stay proceedings may be issued in said case when the case requires the same."

These sections were not repealed by the amendment to the Revised Statutes mentioned above, and are still in force. Fuselier v. Police Jury, cited supra.

[3] It will be observed that, under articles 2630 et seq. of the Code, the expropriation is accomplished through proceedings instituted in a court, whereas, under sections 3369 and 3370 of the Revised Statutes, the expropriation is not accomplished in that manner, but through a jury of not less than six freeholders, reserving to the person whose property is being expropriated the right of appeal to the district court, should he be dissatisfied as to the course the road is to take, or as to the damages assessed to him. Because of this difference in procedure it may be said that, if the proceedings should have been conducted under sections 3369 and 3370 of the Revised Statutes, instead of under article 2630 et seq. of the Code, the trial court was without jurisdiction to entertain the proceedings for expropriation in this case.

Now, article 2630 and the remaining articles of the Code, cited, were not intended to apply in the expropriation of a right of way for a public road. While, as amended, they were intended to authorize parishes to ex-propriate land, yet it was intended that they should apply to parishes only in those instances where the fee to the land is required, as, for example, where the land is required as a site for a public building. On the other hand, sections 3369 and 3370 of the Revised Statutes specifically provide for the expropriation of the rights of way for public roads. In the Fuselier Case (109 La. 551, 33 So. 597), cited supra, this court, in illustrating ,the difference between the objects authorized to be attained by articles 2630 et seq. of the Civil Code, and sections 3369 and 3370 of the Revised Statutes, said:

"If, for instance, the police jury of a parish wish to acquire a site for a courthouse or jail, it would expropriate the same under the articles of the Code as amended by the Acts of 1886 and 1896.

"But, if the police jury ordered the making of a public road in the country and had trouble with the owners of the lands over which it is to pass, it would proceed under section 3369 of the Revised Statutes to impose a mere servitude of passage over such land."

For the articles of the Code, cited, to apply to the expropriation of land for a public roadway, some statute must be found making them applicable. The trial judge and the police jury, in their answer to the rule, issued herein, cite section 27 of Act 95 of 1921 (Ex. Sess.), as having that effect. The purpose of the act, of which the section cited forms a part, is "to carry into effect the provisions of the Constitution of 1921 in relation to the establishment and maintenance of a system of state highways." The act (section 7), as amended by section 1 of Act 236 of 1924, defines 98 routes for state highways, and provides that the highway system of the state shall consist of the highways defined by it, and also requires the highway commission to recognize as being . of primary importance certain other roads constructed or to be constructed. The section of the act of 1921, cited by respondents, as

authorizing the proceedings had in this case, reads, in so far as it is pertinent, as follows:

"That in all cases where it is necessary to acquire a right of way in constructing a new highway or in changing the location of an old highway embraced in the system of state highways, the right of way therefor may be acquired by the state, road district, parish, city, town or village, either by purchase or by donation, or by expropriation, under the general laws of the state relative to expropriations of private property for public purposes, in the event the owner of said property and· the commission, representing the state, should not agree upon the price thereof."

In the case of Police Jury v. Martin, 140 La. 848, 74 So. 170, this court held, in interpreting a similar provision contained in the Highway Act of 1910 (Act 49 of 1910), that where a parish converts one of its roads into a state highway under said act, in a proceeding to shorten the road by expropriating the right of way over the land of another, the parish properly proceeded, under those circumstances, under articles 2630 et seq. of the Civil Code, because the Highway Act authorized it to so proceed.

Section 27 òf the Act of 1921, cited by plaintiff, applies only to highways embraced in the system of state highways; and, as the section authorizes the expropriation by a parish of the right of way for a highway, embraced in that system, "under the general laws of the state, relative to the expropriation of private property for public purposes," we would hold that the general laws referred to were articles 2630 et seq. of the Civil Code, as was held in Police Jury v. Martin, cited supra, and that the proceedings had in this case were valid, did the facts herein justify the conclusion that the road or highway, which is in process of construction, was a part of the state highway system. However, the highway in this case is not designated in the Highway Act, including the amendment thereto, as a part of the state's highway system, nor is it so designated in any other act of the Legislature. In

fact, the answer of respondents to the rule, issued herein, shows that the road is not a part of the state's system, for the answer avers that it is a highway, or permanent graveled road, or will be when completed, which the parish of Evangeline was authorized to locate and construct from the proceeds of a bond issue voted by the taxpayers, and there is not the slightest suggestion that it is a part of the state's system, or that it has been recognized as such. Our conclusion is that the highway is not a part of the state's system, and that, as it is not, section 27 of the act of 1921 is not applicable.

[4] The respondent judge in his answer expresses the view, and the police jury contends, that, as bonds were voted under the Constitution of 1921 to construct the road, it is necessary that the fee to the land required for the road be acquired instead of a mere servitude over the land, in order to comply with the Constitution, by making the title to the road vest in the public; and, as that may be done only by proceeding under articles 2630 et seq. of the Code, the police jury was therefore authorized to so proceed. In disposing of this point it is sufficient to say that, while section 14 (b) of article 14 of the Constitution of 1921 provides that, except as otherwise provided, no bonds shall be issued by any parish for any purpose other than for constructing and maintaining public roads, highways, bridges, etc., the title to which shall be in the public; yet that it is not necessary that the public should own the fee to the land to make the road a public road or highway, but it is sufficient that it own the servitude of passage over the land required therefor.

For the foregoing reasons, our conclusion is that the lower court was without jurisdiction to entertain the expropriation proceedings in this instance, and for that reason they are null and void. The proceedings should not have been by petition addressed to a court, as provided by the Civil Code,

but should have been conducted through a jury of not less than six freeholders, as provided by sections 3369 and 3370 of the Revised Statutes.

[5] Thibodeaux has specifically asked that a writ of mandamus issue to compel the trial judge to grant the writ of injunction for which he prayed. However, we need not concern ourselves with the writ of injunction. The allegations of his petition addressed to us and his prayer for general relief entitle him to have the expropriation proceedings annulled, and this we may do under the writ of certiorari that issued herein.

For the reasons assigned, it is ordered, adjudged, and decreed that the verdict of the jury and the judgment of the court rendered thereon in said expropriation suit be annulled and set aside, and that said suit be dismissed, the police jury to pay the costs.

O'NIELL, C. J. (dissenting). Section 1479–1482 of the Revised Statutes (which are the same as articles 2630–2633 of the Civil Code) did not, before they were amended by the Act 117 of 1886, authorize the police juries, or the governing authority of any other political corporation, to expropriate private property for a public purpose. The method by which police juries were then authorized to expropriate private property for public roads was prescribed in sections 3369 and 3370 of the Revised Statutes. But, when sections 1479–1482 of the Revised Statutes were amended by the Act 117 of 1886, so as to include police juries and other political corporations among the corporations that were authorized to expropriate private property for public purposes, sections 3369 and 3370 of the Revised Statutes, saying how the police juries should expropriate private property for public roads, were superseded. The Act 117 of 1886, in providing the method of expropriating private property for public purposes, did not make an exception with regard to the method by which police juries or other political corporations should expropriate private property for public roads. Therefore the old and original method of expropriating private property for public roads, as prescribed by sections 3369 and 3370 of the Revised Statutes, was abolished, as effectively as articles 2630–2633 of the Civil Code were abolished, by the Act 117 of 1886. The decision to the contrary in Fuselier v. Police Jury, 109 La. 551, 33 So. 597, was based upon the erroneous idea that the general law on the subject of expropriation (sections 1479–1482 of the Revised Statutes as amended) did not provide for the expropriation of a servitude or right of way, but provided only for the expropriation of lands in full ownership. But it is well settled that sections 1479–1482 of the Revised Statutes, as amended by the Acts of 1886, 1896, 1902, 1906 and 1910, do authorize the expropriation of only a servitude or right of way, in cases where the full ownership of the land is not needed for the public purpose for which the property is to be expropriated. In fact, if a servitude or right of way will suffice, nothing more can be expropriated. See New Orleans Pacific Ry. Co. v. Gay, 31 La. Ann. 430; Shreveport & R. R. V. Railway Co. v. Hinds, 50 La. Ann. 788, 24 So. 287; John T. Moore Planting Co. v. Morgan's La. & T. R. & S. S. Co., 126 La. 841, 53 So. 23; Knox v. La. Ry. & Nav. Co., 157 La. 602, 102 So. 685. The ruling in Fuselier v. Police Jury cannot be reconciled with the doctrine of the decisions which I have cited. Besides, section 27 of the Act 95 of 1921 (Ex. Sess.), declaring that expropriations of highways by police juries shall be "under the general laws of the state relative to expropriations of private property for public purposes," manifestly applies to the expropriation of all public roads; for there is no exception or reservation in the statute. The decision in Fuselier v. Police Jury ought to be overruled.