LOTTINGER, Judge.
This is an expropriation suit filed by Gulf States Utilities Company against Mrs. Minnie P. E. Jones, wherein a servitude or right of way ISO feet in width containing an area of 4.46 acres is sought across the rear of a piece of rural property owned by the defendant in the vicinity of what is known as Duncan or Conrad Point in the Parish of East Baton Rouge, south of the City of Baton Rouge. The right of way sought to be expropriated is for the purpose of erecting a transmission line' to connect facilities of the plaintiff on the west side of the Mississippi River with a new generating plant near St. Gabriel in the Parish of Iberville.
The suit was filed on September 26, 19S8. On November 7, 1958, an agreement was entered into between the parties whereby the defendant granted to Gulf States the right to proceed with the construction of its proposed line just as if the servitude had been obtained but without prejudice to the rights of Mrs. Jones insofar as the question of compensation was concerned. Shortly thereafter the right of way area was cleared and the transmission line was constructed on defendant’s property.
On December 29, 1958, a further agreement was entered into between the parties whereby plaintiff paid to Mrs. Jones the sum of $3,270.00 (being the amount claimed in plaintiff’s petition to be the value of the servitude sought, together with damages), such payment being without prejudice to the rights of the parties with regard to a final determination of the proper amount of compensation due the defendant.
Apparently the parties attempted to negotiate a proper figure of the amount representing what was due the defendant without success and the matter finally went to trial in September of 1962. On the day of trial, the defendant filed an answer including a reconventional demand wherein it was set forth that in addition to the amount due her for the value of the expropriated property and damages resulting therefrom, defendant was also entitled to damages resulting from improper construction of a fence in crossing defendant’s property as a result of which a number of her cattle escaped and had to be rounded up. For damages in this regard, she claimed a loss of weight to the cattle and the cost of riders and horses to herd them.
After a trial which lasted five days, the Trial Judge dictated oral reasons for judg *576 ment reviewing very thoroughly the testimony and evidence introduced into the record. He concluded that the property actually covered by the servitude, which contained an area of 4.46 acres, had a value of $1,000.00 per acre. As the result of the servitude, a 7.73 acre tract was separated from the remaining property of defendant (which contained a total area of 419 acres) and for damages resulting from the separation of this tract, the sum of $250.00 per acre was awarded.
Additionally, the sum of $250.00 was granted defendant as compensation for the location of four anchors for guy wires located outside the servitude limits and the sum of $75.00 to cover the costs of installing gates on each of the side fences of defendant’s property where the servitude crosses the fence lines. The total award was the sum of $6,720.50. Following the signing of Judgment on September 25, 1962, and payment thereunder on October 23, 1962, the defendant filed a motion for a new trial, and, in addition, a rule to tax costs, claiming in these pleadings, that defendant was entitled to be awarded damages, or as court costs, the full amount charged her by her expert appraisers as well as the amount of her attorney’s fees. These matters were tried and overruled on October 15, 1962, and the defendant has appealed. The plaintiff has neither appealed nor answered the appeal.
The first two points raised on the appeal by defendant relate to the insufficiency of the award for the servitude and resulting damages. No serious argument is made, or, for that matter, can be made with respect to those items. The record shows that the subject property is along the river road some nine miles from the center of Baton Rouge and seven miles below the Louisiana State University in an area that is used only for cattle raising. The property is wooded in the rear where the servitude crosses. It is undisputed that the highest and best use of the property at present is for grazing land with, as experts for both sides agreed, a speculative value for future potential. A detailed review of the testimony with respect to the value of the land taken and the remaining area damaged as a result thereof, would serve no purpose whatever. Suffice it to say that we think the Trial Judge was most generous in these awards and appellant has no complaint with respect thereto whatever.
The Trial Judge held that there was insufficient evidence upon which to base an award for the damages claimed as the result of Mrs. Jones’ cattle escaping. Testimony was introduced which showed that the cattle did escape and that difficulty was encountered in rounding them up and we have no doubt but that as a result of running the cattle, some weight loss was occasioned. This, however, the record clearly indicates cannot be ascertained with any degree of certainty. Further, the testimony did not show with any accuracy, how many cattle or calves were sold, or what their weight was when sold and the price they brought. Under these circumstances, we do not know and cannot ascertain how much weight was regained by them between the time the cattle were penned and the time they were sold. There is no testimony as to the cost of rounding up the cattle; consequently, we agree with the Trial Judge that there is insufficient evidence in connection with this particular claim upon which an award can be made.
Counsel for appellant contends with some emphasis that she is entitled to' the charges made by her two expert appraisers citing State v. Hart, La.App., 137 So.2d 361 and State v. Jones, La.App., 138 So.2d 466 for the proposition that these items should be taxed as damages. This question appears to be clearly answered by the Supreme Court in State v. Jones, 243 La. 719, 146 So.2d 414, wherein certiorari was granted and our holding therein was reversed, the Court holding that fees of experts “are made an item of costs by statute and under *577 the jurisprudence of this court, and should have been assessed as such.”
In view of the above, it is clear that the Trial Judge was correct in ruling that the fees for the experts are properly taxable only as costs. He fixed these costs at the sum of $500.00 for each of defendant’s two experts which appears to us to be in keeping with similar awards in other cases and a sound exercise of discretion on his part.
Counsel for appellant next contends that the Lower Court was in error in refusing to grant attorney fees. We note that this claim was not raised in defendant’s answer hut was raised for the first time in the motion for the new trial filed in the District Court. Assuming however, that the issue is properly before us, it is quite clear that the general rule under Louisiana Jurisprudence is that in the absence of a statute or contract so providing, neither party may recover attorney fees. This principle applies to expropriation cases as well as others. See Police Jury v. Borne, 198 La. 959, 5 So.2d 301, wherein the Court held “[t]he claim for damages for attorneys’ fees and expenses of going to Court for the purpose of trying the case cannot be allowed under the law”. See also Mississippi River Bridge Authority v. Gwin, La.App., 138 So.2d 175.
Additionally, counsel for appellant argues that the failure to award attorney’s fees in expropriation cases amounts to a taking without ■ compensation in contravention of the due process clause of the Federal and State Constitutions. This contention appears to have been decided adversely to appellant by the Supreme Court of the United States in Dohany v. Rogers, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 9040, 68 A.L.R. 434 (1930).
The judgment appealed from is correct and is, therefore, affirmed.
Judgment affirmed.