SAVOIE, Judge.
This is an expropriation suit in which plaintiff, on appeal, takes issue with the quantum award.
Plaintiff is the State of Louisiana, Department of Transportation and Development. It filed suit against defendants, Sey-more and Suzie L. (Martin) Bethley, to acquire property for the Scotlandville Interstate By-Pass.[1] A .76 acre portion of defendants’ 2.74 acre tract was taken. Included with the part taken were five of the eleven frame houses situated on the property,[2] and a portion of the privately owned road, water line, and sewer line servicing these houses.
*104 Prior to trial, plaintiff deposited $83,-090.00 as just compensation for the portion taken. After trial on the merits, the trial court awarded a total of $91,661.00 as compensation for the property taken.[3] This amount was divided as follows: (1) $65,-821.00 as just compensation for the five houses taken; (2) $9,630.00 as the value of the land; (3) $6,210.00 as the value for site improvements (i.e., the privately owned road, water line and sewer line servicing the property); and (4) $10,000.00 due to impairment to the remaining improvements on defendants’ property.
On appeal, plaintiff contends that the trial court’s award of $6,210.00 for site improvements constituted a double award and, therefore, was in error. Further, it contends the trial court erred in awarding $10,000.00 as compensation due to impairment to the remaining improvements.
I. VALUE OF SITE IMPROVEMENTS
Plaintiff’s contention that the separate award for site improvements constitutes a double award is based on the trial court’s award of $65,821.00 as just compensation for the houses taken. Plaintiff argues that the latter award included the value of the site improvements.
Mr. Oren Russell, the court-appointed appraiser, testified that the value of the improvements taken was $65,821.00. Russell did not valué the site improvements separately from the houses. He testified that the value of the site improvements was included in the value of the houses. In conjunction therewith, he stated that the site improvements had no value except in their contribution to the houses.
Contrarily, two other appraisers valued the site improvements separately from the houses. Mr. John Allphin, Jr. appraised the site improvements at $8,031.00 and Kermit Williams appraised them at $6,210.00.
We agree with the latter two appraisers that the site improvements have a value separate unto themselves and irrespective of their contributing value to the houses. A portion of the road, water lines, and sewer lines was taken along with the individual houses and the land thereunder. Accordingly, the trial court’s award of $6,210.00 compensation for the taking of these additional improvements was correct. See Police Jury of St. James v. Borne, 198 La. 959, 5 So.2d 301 (1941).
II. SEVERANCE DAMAGES
Plaintiff contends that the trial court’s award for impairment to the remaining improvements due to noise is error. It asserts two bases in support of this contention. First, plaintiff argues that the subject property has not been damaged in this respect; and, alternatively, if it has been damaged, the landowner has been compensated by the cost of curing the problem by the erection of a noise barrier.[4]
Severance damage is any depreciation in the market value of the landowner’s remaining property caused by the taking. Such damages are recoverable to the extent that the value of the remaining property decreases after the taking as compared with its value before the taking. The landowner carries the burden of proving such damages with legal certainty by a preponderance of the evidence. However, there is no fixed formula by which such damages must be proved. Accordingly, the informed and reasoned opinion of an expert, corroborated by facts in the record, may be sufficient proof of a severance damage loss, particularly where it is accepted by the trier of fact. Thus, the trier of fact’s factual findings as to severance damages and his evaluation of, and the *105 weight he gives to, the testimony of expert witnesses will not be disturbed on review absent a showing of manifest error. State, Department of Transportation & Development v. Tynes, 433 So.2d 809 (La.App. 1st Cir.1983), writ denied, 437 So.2d 1153 (La.1983).
In the instant case, two of the four appraisers determined that the remaining property would suffer impairment due to the taking. Mr. Russell testified to a $10,-000.00 severance award, whereas, Mr. Kermit Williams appraised the damages at $21,210.00.
In support of his severance award, Mr. Russell opined that the remaining improvements were damaged by the taking because they were not buffered against the noise. He pointed out that new subdivisions encountering this problem today undertook special measures to buffer noise intrusion. For example, the homes nearest the Interstate used double paned glass and solid walls facing that area. Likewise, Mr. Kermit Williams testified that the remaining property was less valuable after the taking because of the existence of and closeness to the Interstate. In support thereof, he testified that the lots purchased near the Interstate in Concord Estates were purchased at a considerably reduced price than other lots therein. Also, these lots constituted many of the last lots to be sold in that subdivision.
Based on this testimony, the trial court concluded that there was sufficient proof of a severance damage loss. We find no error therein. However, plaintiff contends that the defendants have been compensated for any such loss by the erection of a noise barrier.
The testimony with respect to the effectiveness of the barrier as a noise barrier was less than convincing. As a result thereof, the extent that noise will be curtailed by the barrier is speculative, at best. For this barrier to be an alternative compensation to a severance value award, it must eliminate the injurious effect of the damage.
The trial court recognized that the barrier would reduce the noise level considerably and, further, reduce some concern and annoyance by placing the Interstate beyond the residences’ line of vision. However, the trial court still felt that there would be some impact on the property and, to that extent, adopted Mr. Russell’s award of $10,000.00 for severance damages.
We find no error with these findings by the trial court and its award based thereon.
For the foregoing reasons, the judgment of the trial court is affirmed. Plaintiff-appellant is to pay court costs in the amount of $8,596.47.
AFFIRMED.

. The project was designated as State Project No. 450-33-80, Scotlandville Interstate By-Pass (Scotland Avenue-Scenic Highway), on State Route La. I — 110.

. The five houses included in the taking were single family residences. Of the remaining six, one is divided into three apartments and one is used for storage. The other four are single family residences.

. Further, the trial court awarded attorney fees and expert witness fees. These awards are not before us on appeal.

. The record reveals that, in an attempt to reduce the additional noise which will accompany the use of the Interstate, the State has built a barrier consisting of an earth berm/levee topped with a concrete wall between the highway side and the remaining property.